MERCANTILE HOLDINGS, INC., Plaintiff-Appellant, v. DAVID E. FELDMAN, Defendant-Appellee.

First District (5th Division)   No. 1—93—0317

Opinion filed February 10, 1994.—Rehearing denied March 14, 1994.

Hedberg, Tobin, Flaherty & Whalen, of Chicago (Edward J. Whalen, of counsel), for appellant.

Berkson, Gorov & Levin, Ltd., of Chicago (Arthur M. Gorov, of counsel), for appellee.

PRESIDING JUSTICE MURRAY delivered the opinion of the court:

Plaintiff, Mercantile Holding, Inc. (Mercantile), appeals from an order of the circuit court dismissing its second-amended complaint against defendant, David E. Feldman (Feldman), with prejudice. For reasons we will discuss, we affirm the dismissal with prejudice entered in this case.

In 1980 the American National Bank and Trust Company (American National), predecessor in interest to Mercantile, filed suit against Feldman (circuit court No. 80—L—27085), based upon his guarantee of a commercial loan which Feldman executed in 1978. Eleven years later, in 1991, the matter came before the trial court when American National moved to set the case for trial. At a hearing on this motion, defendant advised the trial court that no action had taken place in the case since February 1982, when a default judgment was entered against a codefendant. Plaintiff did not dispute these statements and gave no reason for the delay in prosecuting the case. Consequently, in June 1991 upon defendant's motion, the original complaint was dismissed for want of prosecution (DWP'd).

At the time the case was DWP'd, Feldman's counsel further advised the court that Feldman had served a notice to produce upon plaintiff's then-attorneys in December 1981, which was never complied with. Counsel also indicated to the court that, based upon certain representations made by those attorneys, Feldman[1] was led to believe that no further action would be taken against him and, for this reason, he closed his file on the case. Nevertheless, Feldman's counsel did not request a dismissal with prejudice for failure to comply with the discovery request, nor did he assert that *laches* should be applied to this case to dismiss the cause of action with prejudice.

On May 8, 1992, 11 months after the DWP, Mercantile, as successor in interest to American National, filed a new cause of action against Feldman. Feldman moved to dismiss the action, alleging that it was barred by the 10-year statute of limitations. Mercantile responded to the motion by amending the complaint to note that it was a refiling pursuant to section 13—217 of the Code of Civil Procedure. (Ill. Rev. Stat. 1991, ch. 110, par. 13—217.) Feldman then moved to dismiss the amended complaint on the basis of *laches*.

In his motion, Feldman maintained that he had been advised by prior counsel for American National that they did not intend to proceed against him and that, in reliance upon such representations, he had disposed of any evidence he had that could be useful in his defense. For that reason, he argued, he was prejudiced by the delay in bringing this action against him. On October 15, 1992, the trial court granted Feldman's motion and dismissed Mercantile's complaint with prejudice.

---

[1]Apparently Feldman is an attorney, who had been the attorney of record in this case, representing himself, *pro se*, when the complaint was first filed against him and a codefendant, who was his client.

Mercantile filed a motion to reconsider with the trial court, asking that the order of dismissal be vacated. In this motion Mercantile argued that the complaint should not have been dismissed because the complaint was timely filed pursuant to section 13—217 of the Code of Civil Procedure and because Feldman's claim of *laches*, unsupported by any affidavits or other evidence, failed to show any special prejudice other than the passage of time. Mercantile also provided the court with the affidavits of two attorneys who had represented American National in the earlier case. These affidavits denied Feldman's allegations that he had been made promises that he would not be pursued in this matter.

In response to this motion Feldman filed, for the first time, his own affidavit, indicating that prior counsel for American National had led him to believe that they did not intend to take any action against him in this matter and that, in reliance upon such representations, he disposed of his records pertaining to this matter.

The trial court denied Mercantile's motion to vacate the dismissal order and Mercantile then filed this timely appeal.

The only issue raised by Mercantile on appeal is whether the trial court erred in granting Feldman's motion to dismiss the cause of action with prejudice. Mercantile argues that, as a matter of law, the complaint was timely filed, having been filed within one year of the DWP order. Furthermore, Mercantile contends that Feldman's claim of *laches* must fail. Mercantile argues that Feldman failed to carry his burden of proof as to actual prejudice, which would entitle him to the equitable relief requested. It is Mercantile's position that, at the very least, Feldman's claim of *laches*, unsupported by any evidence until Mercantile presented the affidavits of former counsel, created a factual dispute that should not have been decided in a motion to dismiss.

In his brief, Feldman does not dispute that the new complaint was timely filed within one year of the order dismissing the original complaint. Nevertheless, Feldman asserts that the trial court properly dismissed the newly filed complaint on the basis of *laches*. Feldman argues that there was an unreasonable delay in prosecuting the case and that actual prejudice was shown because of his reliance upon assurances made by former counsel that no action would be taken against him.

■ Before addressing this appeal we must first address Feldman's motion to dismiss the appeal, which this court has chosen to take with the case. In this motion Feldman argues that this court should not review the trial court's application of *laches* to this case because Mercantile failed to provide this court with transcripts of the

hearings held in the court below. It is Feldman's position that evidence, *i.e.*, his own testimony, was taken at the hearing on the motion to reconsider. Citing to *Kim v. Evanston Hospital* (1992), 240 Ill. App. 3d 881, 608 N.E. 2d 371, and *Davis v. Allstate Insurance Co.* (1986), 147 Ill. App. 3d 581, 498 N.E.2d 246, Feldman contends that Mercantile's failure to provide this court with transcripts necessitates a finding that the trial court ruled properly.

Mercantile responds to this motion by denying that any evidence was taken at the hearings. Mercantile maintains that the decision of the trial court was based upon the pleadings and affidavits submitted and, consequently, review of the trial court's ruling is an issue of law, making transcripts of the hearings unnecessary. See *Korogluyan v. Chicago Title & Trust Co.* (1991), 213 Ill. App. 3d 622, 572 N.E.2d 1154.

We note that, at oral argument, Feldman continued to maintain, and Mercantile continued to deny, that evidence was taken at either hearing. It appears that no court stenographer was present at the hearings and no bystander report can be made due to the basic disagreement as to what took place.

Given the circumstances outlined above, it is this court's finding that this case presents issues of both law and fact. Since this court may review issues of law without a transcript, we shall review the matters of law. However, due to the disagreement as to the nature of the proceedings in the court below, we shall give deference to the trial court's rulings on issues of fact.

The issue of law that is before this court is whether a plaintiff has the unconditional and absolute right to refile a complaint within one year of a dismissal for want of prosecution. We answer this question in the affirmative.

■ When a case is dismissed for want of prosecution, the dismissal order is deemed nonfinal because section 13—217 of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 13—217) provides that plaintiff with the right to refile the cause of action within one year of the date of the dismissal order, regardless of the fact that the statute of limitations may have run during that time. (*Flores v. Dugan* (1982), 91 Ill. 2d 108, 435 N.E.2d 480.) Section 13—217 is termed a "saving statute" or "revival statute" because it "revives" a plaintiff's previous, timely filed complaint, beyond the limitations period, where no adjudication on the merits has been obtained and the complaint has been dismissed for procedural reasons. *Stephan v. Selvic Marine Towing Co.* (1990), 201 Ill. App. 3d 554, 559 N.E.2d 147.

■ Although it has been held that the right to refile is absolute within the one year following the dismissal for want of prosecution,

regardless of the diligence of the suitor (*Franzese v. Trinko* (1977), 66 Ill. 2d 136, 361 N.E.2d 585), other courts have held that procedural rules may not hinder the judiciary from fulfilling its duty to administer justice without delay. (*O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, 492 N.E.2d 1322.) Consequently, we find that plaintiff's right to refile does not mean that plaintiff has the absolute right to an adjudication on the merits. Although section 13—217 provides the plaintiff with respite from a statute of limitations defense, it does not insulate the plaintiff from any and all other defenses that may be brought against him.

It seems clear that in 1991 Feldman could have (and perhaps should have) sought dismissal with prejudice on the basis of *laches*. Certainly, Feldman provided that court with the same information later advanced at the time of the refiling concerning the unreasonable delay and the prejudice due to reliance upon representations made to him. Although Feldman could have raised the defense of *laches* in 1991, we believe that Feldman's earlier failure to raise the doctrine of *laches* should not preclude him from raising it at the time of the refiling. Hence, we find that Feldman was able to seek the dismissal of this case on the basis of *laches*, regardless of the fact that the complaint was timely filed within one year of the dismissal for want of prosecution.

As plaintiff acknowledges, dismissal may be sought by motion when *laches* is apparent on the face of the complaint. (*People ex rel. Casey v. Health & Hospitals Governing Comm'n* (1977), 69 Ill. 2d 108, 370 N.E.2d 499.) Here the complaint, on its face, shows that the cause of action against Feldman was based upon loan documents signed in 1978 and in 1979 and no explanation was given for the delay in bringing suit.

To the extent that the trial court exercised its discretion in granting the dismissal for *laches*, resolving any conflicts raised within the affidavits and evidence presented, we find that, absent a transcript of the hearing, we shall presume that the trial court exercised its discretion properly.

For the reasons stated above, we affirm the judgment of the trial court dismissing Mercantile's cause of action with prejudice.

Affirmed.

GORDON and COUSINS, JJ., concur.