# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Fiorito v. Bellocchio*, 2013 IL App (1st) 121505

---

| | |
|---|---|
| Appellate Court Caption | MICHAEL FIORITO, Plaintiff-Appellant, v. JOSEPH BELLOCCHIO, Defendant-Appellee. |
| District & No. | First District, Fourth Division<br>Docket No. 1-12-1505 |
| Rule 23 Order filed<br>Rule 23 Order<br>withdrawn<br>Opinion filed | June 28, 2013<br><br>October 21, 2013<br>October 24, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In a personal injury action arising from an October 19, 2001, automobile accident, the trial court properly dismissed the third successive complaint plaintiff filed, since plaintiff initially retained an attorney who filed an action without plaintiff's knowledge on August 25, 2003, then plaintiff discharged his first attorney and retained new counsel who filed a second action on October 16, 2003, after being unable to determine whether an action had been filed against defendant, then, after learning of the action filed by his first attorney, plaintiff voluntarily dismissed the second action and proceeded with the first action until May 18, 2010, when he voluntarily dismissed that action and refiled an action against defendant on May 16, 2011, and under the circumstances, plaintiff's one-year refiling period began running on March 24, 2004, when the second suit was voluntarily dismissed, not May 16, 2011, when the first suit was dismissed. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 11-L-5031; the Hon. Kathy M. Flanagan, Judge, presiding. |

| | |
|---|---|
| Judgment | Affirmed. |
| Counsel on Appeal | Randall F. Peters, of Randall F. Peters & Associates, of Chicago, for appellant. |
| | Bruce Farrel Dorn & Associates, of Chicago (Ellen J. O'Rourke and Jonathan C. Suttle, of counsel), for appellee. |
| Panel | PRESIDING JUSTICE HOWSE delivered the judgment of the court, with opinion. |
| | Justices Palmer and Taylor concurred in the judgment and opinion. |

**OPINION**

¶ 1      This appeal arises from an order of the circuit court granting defendant Joseph Bellocchio's motion to dismiss plaintiff Michael Fiorito's personal injury action. On appeal, plaintiff contends that the trial court erred in granting defendant's motion to dismiss on grounds that refiling was beyond the one-year right to refile provided by statute. For the following reasons, we affirm.

¶ 2                             BACKGROUND

¶ 3      Plaintiff was involved in an automobile accident with defendant on October 19, 2001. Plaintiff retained attorney Olson to represent him. On or about August 25, 2003, attorney Olson filed a personal injury complaint, case No. 03 L 10225, against defendant seeking damages for injuries plaintiff sustained in the accident. However, plaintiff was not aware that attorney Olson filed the complaint. On or about September 19, 2003, plaintiff discharged attorney Olson. Plaintiff subsequently retained new counsel, attorney Peters, who unsuccessfully sought to determine whether attorney Olson had filed suit. Because he was unable to ascertain whether a suit had been filed and because under the statute of limitations the time to file the suit expired on October 19, 2003, attorney Peters filed suit for the same accident against defendant on October 16, 2003, as case number 03 L 12346. Plaintiff subsequently learned that a suit was filed by attorney Olson. On March 24, 2004, plaintiff voluntarily dismissed case number 03 L 12346, the second suit, pursuant to section 2-1009 of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-1009 (West 2004)), and proceeded with case number 03 L 10225, the first suit.

¶ 4      On May 18, 2010, plaintiff voluntarily dismissed case number 03 L 10225, the first suit. Plaintiff then refiled a complaint against defendant with respect to the same accident on May 16, 2011. Defendant filed a motion to dismiss under section 2-619 of the Code (735 ILCS

5/2-619 (West 2010)) arguing that section 13-217 of the Code (735 ILCS 13-217 (West 2010)) allowed for only one refiling of a case after voluntary dismissal. He further contended that the filing was untimely and violated section 13-217 because the one-year period of refiling began to run when plaintiff dismissed case number 03 L 12346 on March 24, 2004. In response, plaintiff argued that the second case was dismissed pursuant to section 2-619(a)(3) (735 ILCS 5/2-619(a)(3) (West 2004)) based on duplicative suits and that the second suit was a nullity from its inception.

¶ 5 The trial court disagreed with plaintiff's characterization of the dismissal, finding that the order entered on March 24, 2004, dismissing the suit specifically stated that it was a voluntary dismissal pursuant to section 2-1009 of the Code (735 ILCS 5/2-1009 (West 2004)). Accordingly, plaintiff's one-year refiling limitations period under section 13-217 began to run at that point. The court found that the May 16, 2011 refiling, while within one year of the May 18, 2010 dismissal of the first suit, was beyond the one-year period provided by section 13-217. The trial court cited to *Rodgers-Orduno v. Cecil-Genter*, 312 Ill. App. 3d 1150 (2000), in support of its determination that defendant's motion to dismiss should be granted.

¶ 6 Plaintiff then filed a motion to reconsider, arguing that the trial court misapplied the law. The trial court denied plaintiff's motion to reconsider, finding that plaintiff's arguments were the same as in the initial response to defendant's motion and all were considered and reviewed. This timely appeal followed.

¶ 7                                                    ANALYSIS

¶ 8 On appeal, plaintiff contends that the trial court erred in granting defendant's motion to dismiss on grounds that refiling was beyond the one-year right provided by statute.

¶ 9 Defendant filed a motion to dismiss based on sections 2-619(a)(5) and 2-619(a)(9) of the Code (735 ILCS 5/2-619(a)(5), (a)(9) (West 2010)). Section 2-619(a)(5) of the Code authorizes a court to dismiss a complaint if the complaint was "not commenced within the time limited by law." 735 ILCS 5/2-619(a)(5) (West 2010). A section 2-619(a)(9) motion to dismiss alleges the claim asserted against the defendant is "barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2010). A section 2-619 motion admits the legal sufficiency of the plaintiff's cause of action and all well-pleaded facts alleged in the complaint are taken as true, but conclusions of law or fact unsupported by specific factual allegations may be disregarded. *Johnson v. Du Page Airport Authority*, 268 Ill. App. 3d 409, 414 (1994). We review a section 2-619 motion to dismiss *de novo*. *Lydon v. Eagle Food Centers, Inc.*, 297 Ill. App. 3d 90, 92 (1998).

¶ 10 The bases for defendant's motion to dismiss were sections 2-1009 and 13-217 of the Code. Section 2-1009 gives a plaintiff the right to voluntarily dismiss an action, without prejudice, in whole or in part any time before trial or hearing begins. 735 ILCS 5/2-1009 (West 2010); *Hudson v. City of Chicago*, 228 Ill. 2d 462, 483 (2008). Section 13-217 provides a plaintiff with the right to refile the cause of action within one year of the date of the dismissal order, regardless of the fact that the statute of limitations may have run during that time. *Mercantile Holdings, Inc. v. Feldman*, 258 Ill. App. 3d 748, 751 (1994). Section

13-217 is termed a "savings statute" or "revival statute" because it "revives" a plaintiff's previous, timely filed complaint, beyond the limitations period, where no adjudication on the merits has been obtained and the complaint has been dismissed for procedural reasons. *Mercantile Holdings*, 258 Ill. App. 3d at 751.

¶ 11 Plaintiff cites to *Lydon* in support of his contention that the trial court improperly dismissed his case. In *Lydon*, the plaintiff, who was injured in defendant's supermarket, hired an attorney who filed suit in the circuit court of Lake County. The day prior, another attorney filed suit in the circuit court of Cook County, allegedly on plaintiff's behalf. *Lydon*, 297 Ill. App. 3d at 92. Plaintiff averred that she did not know the Cook County attorney, had never spoken with him or retained him to represent her. *Lydon*, 297 Ill. App. 3d at 92. The Cook County attorney filed a motion to voluntarily dismiss the Cook County action, but never presented it to the court, and it was subsequently dismissed for want of prosecution. *Lydon*, 297 Ill. App. 3d at 92. Approximately seven months later, plaintiff voluntarily dismissed the Lake County action. *Lydon*, 297 Ill. App. 3d at 92. Exactly one year later, plaintiff refiled the Lake County action, and defendant moved to dismiss arguing that section 13-217 allowed only one refiling and since this was plaintiff's third filing of the same incident, her action was barred. *Lydon*, 297 Ill. App. 3d at 92. The trial court granted defendant's motion and plaintiff appealed. *Lydon*, 297 Ill. App. 3d at 92.

¶ 12 This court reversed, finding that defendant failed to prove that plaintiff should have been held accountable for the Cook County filing. *Lydon*, 297 Ill. App. 3d at 93. The court also found that plaintiff did not ratify the filing of the Cook County action. *Lydon*, 297 Ill. App. 3d at 96. The court deemed the filing of the Cook County action a nullity. *Lydon*, 297 Ill. App. 3d at 97.

¶ 13 *Lydon* is distinguishable from the facts in the instant case. Here, a complaint was filed without plaintiff's knowledge on August 25, 2003. Plaintiff filed a second, identical case against the same defendant arising from the same incident on October 16, 2003. That case was admittedly filed with plaintiff's authorization, but plaintiff voluntarily dismissed it pursuant to section 2-1009 (735 ILCS 5/2-1009 (West 2004)) on March 24, 2004. Although plaintiff argues here that the first case was filed without authority, unlike the plaintiff in *Lydon*, plaintiff adopted and ratified the unauthorized case filed by the first attorney–plaintiff prosecuted the case for over six years before he voluntarily dismissed it. Plaintiff then filed a third case against defendant on May 16, 2011. Plaintiff apparently argued at separate times that the two prior actions were void *ab initio*; however, that argument certainly has no merit with regard to the first action which he prosecuted for over six years before he voluntarily dismissed it. Nor can he argue that the second case was a nullity when he gave his attorney permission to file it.

¶ 14 While plaintiff technically only refiled the case once as the first two cases were pending simultaneously, the one-year period began to run from the first voluntary dismissal rather than from the second one. *Rodgers-Orduno v. Cecil-Genter*, 312 Ill. App. 3d 1150, 1153 (2000). Thus, in the instant case, plaintiff's one-year refiling period began to run on March 24, 2004, and his May 16, 2011, refiling was well beyond the one-year limitations period of the initial voluntary dismissal. The trial court therefore did not err in granting defendant's motion to dismiss.

¶ 15                                CONCLUSION

¶ 16        For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

¶ 17        Affirmed.