# Illinois Official Reports

## Appellate Court

---

**Brzowski v. Brzowski, 2014 IL App (3d) 130404**

---

| | |
|---|---|
| Appellate Court Caption | LAURA A. BRZOWSKI, n/k/a Laura A. Zasadny, Petitioner-Appellee, v. WALTER J. BRZOWSKI, Respondent-Appellant. |
| District & No. | Third District<br>Docket No. 3-13-0404 |
| Filed<br>Rehearing denied | March 14, 2014<br>April 29, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In proceedings arising from an order of protection entered for petitioner that was extended several times and was subjected to numerous *pro se* appeals by respondent raising the same frivolous and previously decided issues, the appellate court, in the instant appeal from the extension of the order of protection by a trial judge who had recused herself but then heard evidence and entered the extension order without a remittal, vacated that judge's orders and then, in the interest of preserving the status quo until petitioner's emergency motion to extend the order could be heard before a different judge, ordered that the order of protection remain in effect, on a temporary basis, and directed the trial court to hold such a hearing within 21 days. |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 07-OP-595; the Hon. Victoria M. Kennison, Judge, presiding. |
| Judgment | Affirmed in part and vacated in part; cause remanded with directions. |

| Counsel on Appeal | Walter J. Brzowski, of Pinckneyville, appellant *pro se*. |
| | No brief filed for appellee. |

| Panel | JUSTICE McDADE delivered the judgment of the court, with opinion. |
| | Justices Carter and O'Brien concurred in the judgment and opinion. |

**OPINION**

¶ 1    This case is the latest in a long series of *pro se* appeals filed by respondent Walter Brzowski regarding a 2007 order of protection entered in favor of his ex-wife, petitioner Laura Zasadny (formerly Laura Brzowski). The plenary order of protection was extended several times, and on May 16, 2013, the trial court entered another two-year extension of the order. Respondent appealed. Because the judge who presided over the 2013 extension hearing had previously recused herself from the case, we vacate and remand for further proceedings.

¶ 2                              BACKGROUND

¶ 3    In 2003, the circuit court of Cook County entered a judgment of dissolution of marriage between the parties, although in all of his filings both in the trial court and on appeal, respondent denies the validity of that proceeding and insists that he is still legally married to petitioner. Apparently, a plenary order of protection was also entered against respondent in Cook County.

¶ 4    In 2007, the circuit court of Will County entered a two-year plenary order of protection (OP) against respondent in favor of petitioner. Respondent appealed that order, arguing that the evidence was insufficient to grant the OP, that the trial court lacked jurisdiction to enter the OP, that the Cook County divorce action was void, and that criminal proceedings against him based on his violation of a Cook County order of protection were invalid. We rejected these arguments and affirmed. See *Brzowski v. Brzowski*, No. 3-07-0379 (2007) (unpublished order under Supreme Court Rule 23). Respondent later filed a motion to vacate the OP, which the trial court denied. Respondent appealed again, raising the same arguments as in his first appeal; we affirmed on the basis of *res judicata* because the issues had already been decided. *Brzowski v. Brzowski*, No. 3-08-0783 (2009) (unpublished order under Supreme Court Rule 23).

¶ 5    In 2009, the trial court allowed petitioner's request to extend the OP for a period of two years. Respondent appealed yet again, arguing that his due process rights were violated by the extension of the OP, and also raising the same arguments as in the prior two appeals. We

affirmed, ruling that the 2009 extension of the OP was proper and that review of the other issues was barred by *res judicata*. *Brzowski v. Brzowski*, No. 3-09-0602 (2010) (unpublished order under Supreme Court Rule 23). Petitioner obtained another two-year extension of the OP on April 20, 2011. Respondent appealed the entry of the 2011 extension, and we affirmed, again finding that the arguments raised by respondent were decided in prior appeals and thus were barred by *res judicata* and law-of-the-case. See *Brzowski v. Brzowski*, 2012 IL App (3d) 110335-U, ¶ 12.

¶ 6        In 2010, respondent was charged with criminal violation of the OP (720 ILCS 5/12-30(a)(1) (West 2010)) in Will County proceeding No. 10-CF-2494. He was convicted in 2012 and sentenced to three years in the Department of Corrections.

¶ 7        In March 2012, respondent began filing motions in the trial court attacking the validity of the OP. Specifically, respondent filed a "Motion to Dismiss Case Due to Several Incurable Defects" repeating his arguments that the dissolution of marriage proceeding was void, that the trial court lacked jurisdiction to enter the OP, that the case had been removed to federal court, and that petitioner failed to prove her allegations in the original OP proceeding. He also filed a notice of motion, stating that he would appear before the trial court on March 19, 2012, at 9 a.m.

¶ 8        On March 19, 2012, respondent was present in court in custody of the Will County sheriff. Apparently, before the case was heard, Judge Kennison recused herself. The record is silent as to the reason she recused: the docket entry merely states "File sent to Honorable Baron for reassignment as Judge Kennison recuses from case." Judge Baron subsequently assigned Judge Anderson to the case. Judge Anderson set respondent's motion for a status and case management date on April 5, 2012. Prior to that date, however, Judge Anderson determined that respondent's motions were frivolous, denied the motions, and struck the court date. Respondent filed several more motions attacking the validity of the OP. Judge Anderson denied these motions on May 1, 2012.

¶ 9        On May 9, 2012, respondent filed another motion to dismiss the OP proceeding, along with a petition titled "Motion For Substitution of Judge John C. Anderson For Cause." The petition alleged in part that Judge Anderson was biased against respondent because Judge Anderson had dismissed his previous filings as frivolous. The rest of the petition and the motion merely reiterated respondent's attacks against the validity of the dissolution of marriage and OP proceedings. The motion and the petition were set for a hearing before Judge Anderson on May 11, 2012, but respondent failed to appear. Judge Anderson transferred the matter to Judge Baron pending a resolution of the substitution of judge petition, but respondent failed to appear for the hearing set on September 10, 2012. The petition was reset for September 17, 2012. Respondent once again failed to appear for the hearing, and Judge Baron struck respondent's petition for substitution of judge.

¶ 10       The 2011 extension of the OP was set to expire on April 25, 2013. That morning, the cause was called for a hearing on the termination of the OP before Judge Kennison. Petitioner was present but respondent was not. The court granted petitioner leave to file *instanter* an emergency motion to extend the OP. Petitioner alleged that respondent was currently in prison for violation of the OP but would be released soon, and that she was afraid for her safety and the safety of her children. The court then heard testimony and extended the

OP on a temporary basis. The matter was continued for a hearing on the extension of the OP, which was set for May, 16, 2013, before Judge Anderson.

¶ 11 Respondent was served with the order and the notice of hearing. On May 13, he filed a "Motion to Vacate April 25, 2013 Ex Parte Order," a "Notice to Expose Judicial Injustice on U.S. Citizen," and a petition for *habeas corpus*.

¶ 12 On May 16, 2013, Judge Anderson entered an order transferring the case back to Judge Kennison for the hearing on the motion to extend the OP and for all future matters. The case was then called before Judge Kennison, with petitioner present and respondent failing to appear. According to the docket entry, after the court heard testimony, it found: (1) that there was no material change in the relevant circumstances since the OP was last extended in 2011; (2) that respondent had been criminally convicted of violating the OP; and (3) respondent's correspondence and filings with the court indicated his continued refusal to accept that the parties are divorced and his intention to have contact with the protected persons. Accordingly, the court extended the OP to May 15, 2015, and struck the motions and petitions respondent had filed.

¶ 13 Respondent filed a timely notice of appeal on June 7, 2013.

¶ 14                                                    ANALYSIS

¶ 15 Initially, we note that petitioner has not filed an appellee's brief. Respondent seems to argue that this alone entitles him to relief, and he has even filed a motion to hold petitioner in default, which we denied. In the appellate court, reversal is not automatic when the appellee fails to file a brief. *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 131 (1976). Our supreme court has explained how we may proceed in the absence of an appellee's brief:

> "We do not feel that a court of review should be compelled to serve as an advocate for the appellee or that it should be required to search the record for the purpose of sustaining the judgment of the trial court. It may, however, if justice requires, do so. Also, it seems that if the record is simple and the claimed errors are such that the court can easily decide them without the aid of an appellee's brief, the court of review should decide the merits of the appeal. In other cases[,] if the appellant's brief demonstrates *prima facie* reversible error and the contentions of the brief find support in the record[,] the judgment of the trial court may be reversed." *Talandis*, 63 Ill. 2d at 133.

The standard announced in *Talandis* will guide our review in this case.

¶ 16 On the merits of the appeal, respondent once again attacks the initial entry of the OP in 2007 on jurisdictional and evidentiary grounds, attacks the extensions of the OP in 2009 and 2011, attacks the validity of the dissolution of marriage proceeding in Cook County, and attacks the validity of the criminal proceedings stemming from his violations of the OP. Respondent has raised these arguments in four prior appeals and in a plethora of filings in the trial court, and they have been rejected each time. Under the doctrine of law-of-the-case, a party may not relitigate a question of law or fact that has already been decided in the same case. *Alwin v. Village of Wheeling*, 371 Ill. App. 3d 898, 911 (2007). Under the doctrine of *res judicata*, a final judgment on the merits bars a party from later asserting claims that were

- 4 -

actually decided or could have been decided by the court. *Cabrera v. First National Bank of Wheaton*, 324 Ill. App. 3d 85, 92 (2001). These doctrines bar respondent's arguments attacking the Cook County divorce, the entry of the original OP in 2007 and the extensions of the order in 2009 and 2011, and the related criminal proceedings. To the extent that respondent challenges these orders as void, we affirm those orders. And while respondent raises these exact arguments against the 2013 extension of the OP, those arguments are without merit and are similarly barred.

¶ 17  Respondent does raise one novel argument, addressing the 2013 extension of the OP, that we must consider in more detail. We quote this argument from respondent's *pro se* brief:

> "On March 19, 2012, the Will County Circuit Court, Judge Victoria Kennison **recused** herself off of civil case #07 OP-595, (C 442) pursuant to IL. Supreme Ct. Rule #63 (C)(c), which the Common Law Record remains silent to any remittal of Judge Kennison, as required by IL. Supreme Court Rule #63 (D), and thus Judge Kennison would lack the legal authority to enter any 'judicial act' on April 25, 2013, (C 609) and May 16, 2013, (C 652). Upon such lack of jurisdictional power and authority, Judge Victoria Kennison could not enter such unproven, ex parte 'orders' on such relevant dates, rendering them complete <u>nullities</u>, (Fact)."

¶ 18  We agree with respondent that it was improper for Judge Kennison to conduct hearings and enter orders in this matter after she had recused herself and in the absence of a remittal. Therefore, we conclude that respondent has demonstrated a *prima facie* case of reversible error.

¶ 19  Our research has not revealed any reported Illinois case specifically addressing the validity of an order entered by a judge who had previously recused herself. But our cases do hold that when a judge has been substituted for cause, the disqualified judge cannot enter any further orders in the case. See *In re Petition of C.M.A.*, 306 Ill. App. 3d 1061, 1067 (1999) (holding that judge's orders in case, entered after a petition for substitution of that judge for cause was granted, were void and had no legal effect). See also *In re Estate of Wilson*, 238 Ill. 2d 519, 568 (2010) (stating that orders entered after a petition for substitution has been improperly denied will be invalidated). We believe that the same principle should apply when a judge has disqualified herself through recusal.[1] Also, it is a generally accepted rule in both state and federal courts that once a judge recuses, that judge should have no further involvement in the case outside of certain ministerial acts. See, *e.g.*, *Moody v. Simmons*, 858 F.2d 137, 143 (3d Cir. 1988) ("Once a judge has disqualified himself, he or she may enter no further orders in the case. [Citations.] His power is limited to performing ministerial duties necessary to transfer the case to another judge (including the entering of 'housekeeping'

---

[1]We acknowledge that "recusal and substitution for cause are not the same thing." *In re Marriage of O'Brien*, 2011 IL 109039, ¶ 45. A judge should recuse herself in situations called for by Illinois Supreme Court Rule 63(C) where the judge's impartiality might reasonably be questioned. *O'Brien*, 2011 IL 109039, ¶¶ 43, 45 (citing Ill. S. Ct. R. 63(C) (eff. Apr. 16, 2007)). Substitution of a judge for cause involves a much higher showing of actual bias or prejudice pursuant to section 2-1001(a)(3) of the Code of Civil Procedure (735 ILCS 5/2-1001(a)(3) (West 2012)). *O'Brien*, 2011 IL 109039, ¶ 46. But for the purposes of our analysis in this case, the power of a judge who has been substituted for cause is similar to the power of a judge who has voluntarily recused herself from the case.

orders).”). See also S. Matthew Cook, Note, *Extending the Due Process Clause to Prevent a Previously Recused Judge From Later Attempting to Affect the Case From Which He Was Recused*, 1997 BYU L. Rev. 423, 442-47 (analyzing cases). Thus, we conclude that when a judge is disqualified from a case, either by recusal or through a petition for substitution, that judge cannot enter any further orders in the matter.

¶ 20    Here, Judge Kennison recused herself from the case on March 19, 2012, and the record does not contain any remittal of her recusal pursuant to Supreme Court Rule 63(D). Thus, Judge Kennison should not have had any involvement in the case (outside of ministerial actions) after she recused. But she later heard evidence and entered substantive orders in the case, extending the OP first on an emergency basis and later entering a two-year extension. Because this was improper, we must vacate Judge Kennison's orders of April 25, 2013, and May 16, 2013.

¶ 21    We note that respondent has seemingly argued Judge Kennison's orders are void because of a lack of jurisdiction. Many cases also state that orders entered by a judge after that judge should have been disqualified are void. See *C.M.A.*, 306 Ill. App. 3d at 1067; *Curtis v. Lofy*, 394 Ill. App. 3d 170, 176 (2009). Recently, however, our supreme court suggested that such orders might merely be voidable, rather than void. *Wilson*, 238 Ill. 2d at 568 n.14. An order is void when the court lacks jurisdiction over the person or subject matter, or when the court lacks inherent authority to enter a particular order. *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 103 (2002). It is questionable whether an order entered by a disqualified judge is void for lack of jurisdiction, because jurisdiction is vested in the court itself, not with an individual judge. See *Generes v. Foreman*, 277 Ill. App. 3d 353, 356 (1995) (holding that when a recused judge later entered an order in case, the order was not an act done in complete absence of jurisdiction). But we do not decide whether such an order is void or merely voidable–because this is a direct appeal and not a collateral attack on the order, deciding whether Judge Kennison's order was void is unnecessary to the resolution of this case. It is sufficient to say that when a recused judge subsequently enters substantive orders in a case, those orders must be vacated.

¶ 22    While we grant respondent relief in this appeal, we do not approve of his conduct throughout this litigation: respondent has engaged in a pattern of filing numerous documents which do nothing more than repeat the same frivolous arguments which our courts have already considered and rejected. Respondent also has a penchant for seeking to remove judges who rule against him: he has sought to disqualify at least two judges in this case for cause, alleging that these judges were biased against him because they have not ruled in his favor. It may very well be that confusion surrounding the status of respondent's petition to substitute Judge Anderson caused Judge Anderson to conclude that he could not preside over the OP hearing. This may have led him to transfer the case back to Judge Kennison. In the interest of aiding the orderly administration of this case on remand, we note that a petition for substitution of a judge for cause must be accompanied by an affidavit and must set forth grounds that, if true, would constitute cause for substitution. 735 ILCS 5/2-1001(a)(3) (West 2012); *Wilson*, 238 Ill. 2d at 554. If a petition for substitution does not meet this threshold–and "[a] judge's previous rulings almost never constitute a valid basis for a claim of judicial bias"–then there is no obligation to refer the petition to another judge for a hearing. *Wilson*, 238 Ill. 2d at 554-55.

¶ 23    We also believe that while respondent has a right to a hearing before a judge who has not been disqualified, petitioner should not be put in jeopardy because the extension of the OP is now being invalidated for reasons that are not her fault. Having reviewed the record in this case, we believe that an unbiased trial judge could have concluded that there was good cause to extend the OP. Therefore, to protect petitioner's rights as well as respondent's, we conclude that it would be best to preserve the status quo until the case can be heard before another judge. Therefore, we order that the OP is to remain in effect, on a temporary basis, until the case can be heard on petitioner's emergency motion to extend the OP. The circuit court is directed to hold such a hearing within 21 days of the issuance of our mandate in this case. Depending on the outcome of that proceeding, the circuit court should hold all other proceedings in a timely manner thereafter.

¶ 24                                        CONCLUSION

¶ 25    For the foregoing reasons, the judgment of the circuit court of Will County is affirmed in part, vacated in part, and remanded for further proceedings consistent with this opinion.

¶ 26    Affirmed in part and vacated in part; cause remanded with directions.