# Illinois Official Reports

## Appellate Court

*Village of East Dundee v. Village of Carpentersville*, 2016 IL App (2d) 151084

| | |
|---|---|
| Appellate Court Caption | THE VILLAGE OF EAST DUNDEE, Plaintiff-Appellant, v. THE VILLAGE OF CARPENTERSVILLE, WAL-MART STORES, INC., and WAL-MART REAL ESTATE BUSINESS TRUST, Defendants-Appellees. |
| District & No. | Second District<br>Docket No. 2-15-1084 |
| Filed | June 20, 2016 |
| Decision Under Review | Appeal from the Circuit Court of Kane County, No. 15-MR-428; the Hon. David R. Akemann, Judge, presiding. |
| Judgment | Vacated in part and reversed in part; cause remanded with directions. |
| Counsel on Appeal | Richard C. Gleason, Thomas G. Gardiner, and Michelle Lagrotta, all of Gardiner Koch Weisberg & Wrona, of Chicago, for appellant.<br><br>Steven M. Elrod, Steven B. Varick, and Hart M. Passman, all of Holland & Knight LLP, of Chicago, for appellee Village of Carpentersville.<br><br>John A. Simon, of Drinker, Biddle & Reath LLP, of Chicago, for appellees Wal-Mart Stores, Inc., and Wal-Mart Real Estate Business Trust. |

JUSTICE ZENOFF delivered the judgment of the court, with opinion. Justices Hutchinson and Jorgensen concurred in the judgment and opinion.

**OPINION**

¶ 1 This is the Village of East Dundee's (East Dundee) second lawsuit against the Village of Carpentersville (Carpentersville) and Wal-Mart Stores, Inc. (Wal-Mart),[1] arising from Wal-Mart's decision to close its retail store in East Dundee and open a Wal-Mart Supercenter less than 10 miles away, in Carpentersville. See *Village of East Dundee v. Village of Carpentersville*, 2014 IL App (2d) 131006-U, ¶ 2 (*East Dundee I*). In *East Dundee I*, East Dundee sought a declaratory judgment that Carpentersville was required to make certain findings pursuant to section 11-74.4-3(q)(13) of the Tax Increment Allocation Redevelopment Act (Act) (65 ILCS 5/11-74.4-3(q)(13) (West 2014)),[2] based on documentation submitted by Wal-Mart, before it could fund any redevelopment project directly related to Wal-Mart's planned relocation. *East Dundee I*, 2014 IL App (2d) 131006-U, ¶ 2. East Dundee also sought a writ of prohibition, a writ of *mandamus*, and an injunction. *East Dundee I*, 2014 IL App (2d) 131006-U, ¶ 2. The first suit was involuntarily dismissed for lack of ripeness. *East Dundee I*, 2014 IL App (2d) 131006-U, ¶ 2. We affirmed. *East Dundee I*, 2014 IL App (2d) 131006-U, ¶ 31. Because Carpentersville had not yet made any findings pursuant to section 11-74.4-3(q)(13), there was no way to predict whether defendants would violate that section. *East Dundee I*, 2014 IL App (2d) 131006-U, ¶ 31.

¶ 2 On April 6, 2015, East Dundee filed the instant lawsuit,[3] also arising from Wal-Mart's planned relocation. East Dundee alleged that the controversy was ripe, because Carpentersville had made the necessary findings but failed to require evidence from Wal-Mart that its closure of the East Dundee store was due to circumstances beyond its control. The trial court granted defendants' motions for involuntary dismissal on the ground that East Dundee lacked standing. East Dundee appeals that order, as well as the orders denying its motions for substitution of judge as of right and for leave to file an amended complaint. We reverse and remand for further proceedings.

¶ 3 I. BACKGROUND

¶ 4 The purpose of the Act is to eradicate municipal blight by redeveloping blighted areas. *People ex rel. City of Canton v. Crouch*, 79 Ill. 2d 356, 360 (1980). The Act authorizes the passage of an ordinance designating a redevelopment project area and approving a redevelopment plan. *Crouch*, 79 Ill. 2d at 360. Once such an ordinance is adopted, a municipality is granted numerous powers to carry the plan into effect, including incurring

---

[1]East Dundee added Wal-Mart Real Estate Business Trust to the second lawsuit. We refer to the Wal-Mart defendants collectively as "Wal-Mart."

[2]Section 11-74.4-3(q)(13) requires the municipality's "reasonable finding" that the store's closing is beyond the control of the retailer, in that the store's location contained inadequate space, had become economically obsolete, or was no longer a viable location for the retailer. 65 ILCS 5/11-74.4-3(q)(13) (West 2014).

[3]East Dundee initially sued the Wal-Mart entities as respondents in discovery. Wal-Mart was converted to a named defendant on its own motion.

redevelopment costs. *Crouch*, 79 Ill. 2d at 360. Relevant here, section 11-74.4-3(q)(13) provides that redevelopment costs may not include costs that would provide "direct financial support" to a retail entity that is commencing operations in the redevelopment project area while simultaneously terminating operations at another location within 10 miles of the redevelopment project area but outside the boundaries of the municipality. 65 ILCS 5/11-74.4-3(q)(13) (West 2014). An exception to the 10-mile prohibition exists if closing the operation is for reasons beyond the retailer's control, as documented by the retailer. For the exception to apply, the municipality must make a reasonable finding that the current location contained inadequate space, had become economically obsolete, or was no longer a viable location for the retailer. 65 ILCS 5/11-74.4-3(q)(13) (West 2014).

¶ 5 East Dundee's April 6, 2015, complaint for declaratory and injunctive relief alleged as follows. East Dundee and Carpentersville share a border. Wal-Mart has operated a retail store in East Dundee within 1.8 miles of the proposed Carpentersville location. Wal-Mart had determined that the East Dundee store was not inadequate or economically obsolete, and East Dundee was willing to assist Wal-Mart in expanding the East Dundee store. On May 1, 2012, Carpentersville approved a "Route 25 Redevelopment Plan" in accordance with the Act. The Carpentersville redevelopment project area is blighted. In August 2012, Wal-Mart informed East Dundee that it was closing the East Dundee store in order to relocate to the Carpentersville redevelopment project area. Wal-Mart never documented that closing the East Dundee store was for reasons beyond its control. Wal-Mart applied to Carpentersville for a $4.3 million reimbursement related to acquiring land and constructing the new store, indicating that it would not build the Carpentersville store unless it received the reimbursement. Carpentersville unreasonably approved Wal-Mart's application.

¶ 6 East Dundee asserted that it was entitled to declaratory and injunctive relief, because the closure of the East Dundee Wal-Mart store would cause "significant economic and social damages" to East Dundee. Specifically, East Dundee alleged that it would lose sales tax revenues and property tax receipts.

¶ 7 The matter was assigned to the same judge who presided in *East Dundee I*. On April 28, 2015, East Dundee filed a motion for substitution of judge as of right pursuant to section 2-1001(a)(2)(ii) of the Code of Civil Procedure (Code) (735 ILCS 5/2-1001(a)(2)(ii) (West 2014)). The motion alleged that the trial court had not ruled on any substantive issue in the case. On May 1, 2015, Carpentersville[4] filed its opposition to the motion, arguing that the instant complaint was a refiling of the previous lawsuit. Carpentersville relied on the trial court's order that involuntarily dismissed the previous suit, which stated that "the [a]mended [c]omplaint [was] dismissed subject to being refiled in the event" that the matter became ripe. Carpentersville contended that the court in the previous suit made substantive rulings when it denied East Dundee's request for a temporary restraining order and dismissed the suit. On June 17, 2015, the court denied East Dundee's motion for substitution of judge.

¶ 8 On April 29, 2015, Wal-Mart, now a party defendant, filed a motion to dismiss the complaint pursuant to section 2-619.1 of the Code (735 ILCS 5/2-619.1 (West 2014)). Wal-Mart asserted that the complaint should be dismissed pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2014)), because the Act does not give East Dundee a private right of action. Wal-Mart also asserted that the complaint should be dismissed pursuant to

---

[4]Wal-Mart had not yet been converted to a defendant.

section 2-619(a)(9) of the Code (735 ILCS 5/2-619(a)(9) (West 2014)), because East Dundee lacked standing to sue to invalidate Carpentersville's approval of Wal-Mart's reimbursement application. Carpentersville joined in the section 2-619(a)(9) motion. On September 29, 2015, the court entered a written order finding that East Dundee lacked standing. The court did not reach the private-right-of-action issue. East Dundee filed a timely appeal.

¶ 9                                    II. ANALYSIS

¶ 10    East Dundee first contends that the court erred in denying its motion for substitution of judge as a matter of right. Section 2-1001(a)(2)(ii) of the Code provides that a party is entitled to one substitution of judge without cause, as a matter of right, where it is presented before trial or hearing begins and before the judge to whom it is presented has ruled on any substantial issue in the case. 735 ILCS 5/2-1001(a)(2)(ii) (West 2014). The right to a substitution of judge under this section is absolute. *Chicago Transparent Products, Inc. v. American National Bank & Trust Co. of Chicago*, 337 Ill. App. 3d 931, 942-43 (2002). The provisions of the statute are to be liberally construed, and where a party meets the statutory requirements, the trial court has no discretion to deny the request, unless it is shown that the motion was made to delay or avoid trial. *Sahoury v. Moses*, 308 Ill. App. 3d 413, 414 (1999). Because the trial court has no discretion to deny a proper motion for substitution of judge as of right, the appellate court reviews such a ruling *de novo*. *Rodisch v. Commacho-Esparza*, 309 Ill. App. 3d 346, 350 (1999). Further, our review should lean toward favoring, rather than defeating, a request for substitution of judge. *Rodisch*, 309 Ill. App. 3d at 350.

¶ 11    East Dundee argues that the motion for substitution was timely and that it was brought before the court made any substantial ruling in the case. Indeed, defendants[5] do not object that the motion was untimely. However, they assert that the court made substantial rulings in the previous case. Defendants view the 2015 complaint as a continuation of the previous litigation for purposes of the substitution-of-judge statute. They rely on the court's August 30, 2013, order that "[t]he amended complaint [was] dismissed subject to being refiled." Defendants argue that, because the previous complaint and the 2015 complaint concerned the same cause of action, the 2015 pleading was a refiling, giving the court discretion to deny the motion for substitution of judge.

¶ 12    The issue is whether *Bowman v. Ottney*, 2015 IL 119000, upon which defendants rely, is dispositive. In *Bowman*, our supreme court construed section 2-1001(a)(2)(ii) of the Code and its effect in relation to the voluntary dismissal and refiling provisions of the Code. *Bowman*, 2015 IL 119000, ¶ 8. In *Bowman*, the plaintiff voluntarily dismissed her complaint pursuant to section 2-1009(a) of the Code (735 ILCS 5/2-1009(a) (West 2014)) after the court made substantial rulings in her medical malpractice case, but before trial. *Bowman*, 2015 IL 119000, ¶ 3. Four months later, the plaintiff refiled the complaint, asserting the identical claim, in accordance with section 13-217 of the Code (735 ILCS 5/13-217 (West 2014) (allowing the refiling of a voluntarily dismissed complaint within one year)). The second complaint was docketed under a new number but was assigned to the same judge who presided over the first proceeding. *Bowman*, 2015 IL 119000, ¶ 3. The plaintiff immediately filed a motion for substitution of judge as of right, and the defendant objected on the ground that it was untimely because the judge had made substantial rulings on the prior complaint. *Bowman*, 2015 IL

_____

[5]Wal-Mart adopted Carpentersville's arguments on appeal.

119000, ¶ 3. The trial court denied the motion for substitution of judge but certified the question of whether a trial judge has discretion to deny a motion for substitution of judge as of right where the case was previously dismissed pursuant to section 2-1009 of the Code and then was refiled. *Bowman*, 2015 IL 119000, ¶ 4. The appellate court answered that question in the affirmative. *Bowman*, 2015 IL 119000, ¶ 5 (citing *Bowman v. Ottney*, 2015 IL App (5th) 140215).

¶ 13    In *Bowman*, our supreme court emphasized that it was considering only the narrow question that was certified to the appellate court, namely, the effect of section 2-1001(a)(2)(ii) *in relation to* the voluntary dismissal and refiling provisions of the Code. *Bowman*, 2015 IL 119000, ¶ 8. The court held that the voluntary dismissal and refiling of a cause of action does not "reset the clock" with respect to the substitution of a judge who previously made substantive rulings in the prior proceeding. *Bowman*, 2015 IL 119000, ¶ 21. The court pointed out that the plaintiff had an absolute right to a substitution of judge in the first proceeding but failed to use it before the judge made a substantive ruling. *Bowman*, 2015 IL 119000, ¶ 25. The court stated that the plaintiff could not use the voluntary dismissal and refiling provisions to accomplish in the second suit what she was precluded from doing in the earlier suit. *Bowman*, 2015 IL 119000, ¶ 25.

¶ 14    Our supreme court had not decided *Bowman* when Carpentersville argued the issue to the court below. However, Carpentersville relied, *inter alia*, on the appellate court's decision in *Bowman*. In this appeal, defendants note that our supreme court affirmed the appellate court in *Bowman*, and they argue that this case is indistinguishable because East Dundee's 2015 complaint embodied the same cause of action as its earlier complaint.

¶ 15    *Bowman* is inapplicable to the facts in the present case. As noted above, our supreme court decided a narrow issue involving the relationship between section 2-1001(a)(2)(ii) and the sections of the Code governing voluntary dismissals and refiling. The holding in *Bowman* is necessarily confined to its facts, because the scope of review was limited to the question certified by the trial court. See *Hudkins v. Egan*, 364 Ill. App. 3d 587, 590 (2006) (the scope of review in an interlocutory appeal under Rule 308 is ordinarily limited to the question certified by the trial court).

¶ 16    Furthermore, in *Bowman*, the court's decision hinged on the fact that the plaintiff had control over the procedural posture of the case. "[The plaintiff] cannot use the voluntary dismissal and refiling provisions to accomplish in the 2013 suit what she was precluded from doing in the 2009 suit." *Bowman*, 2015 IL 119000, ¶ 25. The supreme court all but accused the plaintiff of gamesmanship, where she voluntarily dismissed her complaint after four years of rulings by the trial court only to refile the same complaint four months later. The court observed: "This is precisely the type of procedural maneuvering that section 2-1001 is designed to prevent." *Bowman*, 2015 IL 119000, ¶ 25.

¶ 17    In contrast, East Dundee's previous complaint was *involuntarily* dismissed. East Dundee could not, and did not, use the refiling provisions of the Code. Section 13-217 gives a plaintiff who has taken a *voluntary* dismissal the right to refile the cause of action within one year. *Fiorito v. Bellocchio*, 2013 IL App (1st) 121505, ¶ 10. Section 13-217 revives a plaintiff's previously filed complaint, where no adjudication on the merits has been obtained. *Fiorito*, 2013 IL App (1st) 121505, ¶ 10. Here, East Dundee's previous complaint was dismissed as a result of a substantive legal deficiency. *East Dundee I*, 2014 IL App (2d) 131006-U, ¶ 24. The dismissal of a complaint for failure to state a cause of action is an adjudication on the merits.

*Doe v. Gleicher*, 393 Ill. App. 3d 31, 36 (2009). Accordingly, East Dundee was entitled to a substitution of judge as of right.

¶ 18   East Dundee cites the heretofore well-established rule that an order is void if it is entered after a motion for substitution of judge is improperly denied. See *Aussieker v. City of Bloomington*, 355 Ill. App. 3d 498, 500-01 (2005). However, the voidness of such orders is called into question by *LVNV Funding, LLC v. Trice*, 2015 IL 116129, ¶ 27, where our supreme court stated that a judgment is void only if the court lacks jurisdiction. Where the court possesses jurisdiction, the failure to comply with a statutory requirement or prerequisite does not result in a void order. *LVNV Funding, LLC*, 2015 IL 116129, ¶ 37. Nevertheless, such an order is unauthorized and must be vacated.

¶ 19   Defendants posit that we can affirm the dismissal of the complaint under Illinois Supreme Court Rule 366(a)(5) (eff. Feb. 1, 1994), which gives the appellate court authority to "enter any judgment and make any order that ought to have been given or made." Defendants do not elaborate on how Rule 366(a)(5) enables us to affirm an order that was entered without authority, and we find no such power in the rule. Accordingly, we vacate the order dismissing the complaint, reverse the order denying East Dundee's motion for substitution of judge as of right, and remand this matter with directions to grant the motion for substitution of judge.

¶ 20   Vacated in part and reversed in part; cause remanded with directions.