NOTICE
Decision filed 05/08/23.
Corrected 5/9/23. The text of
this decision may be changed
or corrected prior to the filing of
a Petition for Rehearing or the
disposition of the same.

2023 IL App (5th) 200086-U

NO. 5-20-0086

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| DALLAS McINTOSH, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 17-AR-58 |
| | ) | |
| N. SCOTT ROSENBLUM; MICHAEL J. METTES; | ) | |
| and ROSENBLUM, SCHWARTZ, ROGERS & | ) | |
| GLASS, P.C., | ) | Honorable |
| | ) | Stephen P. McGlynn, |
| Defendants-Appellees. | ) | Judge, presiding. |

_____

JUSTICE VAUGHAN delivered the judgment of the court.
Presiding Justice Boie and Justice Moore concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court erred in reassigning the case to the trial judge who was previously removed on a motion for substitution of judge as of right.

¶ 2    Plaintiff, Dallas McIntosh, appeals the dismissal of his third amended complaint against his prior defense counsel, and their law firm, in his criminal case. On appeal, plaintiff argues, *inter alia*, that the trial court erred in reassigning the case to Judge Stephen McGlynn after he was removed in response to plaintiff's motion for substitution of judge as of right. For the following reasons, we agree.

1

¶ 3                                    I. BACKGROUND

¶ 4     On October 4, 2012, the State charged plaintiff with numerous felony counts stemming from a traffic stop on September 25, 2012. Plaintiff retained the services of defendants, Mettes, and Rosenblum, to represent him for the criminal charges. On September 11, 2014, a negotiated plea agreement was presented in which plaintiff pled guilty, but mentally ill, to 5 of the 10 charges; in exchange, the State dropped the remaining charges and agreed to a sentencing range of 20 to 45 years' imprisonment. The sentencing hearing was held on January 29, 2015, at which time the State played dash camera footage from the traffic stop. The court sentenced plaintiff to concurrent sentences, the longest of which was 40 years' imprisonment.

¶ 5     Shortly thereafter, defendants filed a motion to withdraw the plea on behalf of plaintiff. Plaintiff asserted that he never saw the footage prior to the sentencing hearing and, until that viewing, believed the basis for the traffic stop was a complete failure to use his turn signal rather than a failure to activate his signal far enough in advance of changing lanes. At a status hearing in April 2015, plaintiff indicated that he asked Mettes to argue that the plea was not knowing and voluntary due, in part, to the discrepancy addressed above. Mettes refused to raise this issue. Defendants filed a motion to withdraw as counsel, which the court granted.

¶ 6     Plaintiff subsequently filed a *pro se* motion to withdraw his plea. He retained new counsel, who filed an amended motion to withdraw plaintiff's plea. That motion raised many of the issues plaintiff raises in this case including that (1) plaintiff's plea was induced by fraud, false statements, and misrepresentations of fact; (2) plaintiff's original counsel (defendants herein) provided ineffective assistance during the plea proceedings; and (3) plaintiff was misinformed about the element of "in the performance of official duties" which was an element of many of the offenses with which plaintiff was charged. On January 17, 2017, the court entered an order denying

2

plaintiff's motion to withdraw his plea. Plaintiff appealed that ruling and this court affirmed the trial court's convictions and sentences. *People v. McIntosh*, 2020 IL App (5th) 170068, ¶ 79.

¶ 7    On January 30, 2017, plaintiff filed his initial *pro se* complaint in this case. He asserted defendants breached their fiduciary duty by failing to present an adequate defense in the criminal proceedings against him. In addition, he raised claims of fraud, fraudulent inducement, and intentional infliction of emotional distress, and asserted defendants aided and abetted schemes involving fraud and wrongful conviction. Plaintiff requested damages of $17.5 million, including punitive damages. The case was initially assigned to the arbitration division.

¶ 8    On March 13, 2017, defendants moved to dismiss plaintiff's complaint and further moved to remove the case from the arbitration division. Defendants argued the complaint failed to state a claim and the arbitration division lacked subject matter jurisdiction over the matter due to the amount of damages plaintiff requested. The following day, the case was transferred from the arbitration division to the court administrator, and on March 29, 2017, the case was assigned to Judge Robert LeChien.

¶ 9    On April 17, 2017, the defendants moved for a substitution of judge as of right (see 735 ILCS 5/2-1001(a)(2)(i) (West 2016)) and the case was assigned to Judge Stephen McGlynn on September 21, 2017. On September 29, 2017, plaintiff moved for a substitution of judge as of right (see *id.*), and on October 5, the case was assigned to Judge Christopher Kolker.

¶ 10    While assigned to Judge Kolker, plaintiff ultimately filed three amended complaints, the most recent of which was filed on July 6, 2018. Defendants moved to dismiss the third amended complaint on August 16, 2018. On January 31, 2019, an order was entered assigning the case to Judge McGlynn, who was the same judge who was removed "as of right" on September 29, 2017. Throughout the remainder of 2019, Judge McGlynn entered several orders and plaintiff

acknowledged receiving a copy of the January 31, 2019, order reassigning the case to Judge McGlynn. At no point did plaintiff object to the reassignment of the case to Judge McGlynn.

¶ 11    Defendants' motion to dismiss proceeded to hearing before Judge McGlynn on January 15, 2020. Following arguments, the trial court took the matter under advisement. On February 4, 2020, Judge McGlynn entered an order dismissing plaintiff's third amended complaint, with prejudice.

¶ 12    On March 2, 2020, plaintiff filed a motion for "findings of fact and stipulations of law" or, alternatively, for clarification of the court's February 4 ruling. On March 9, 2020, while that motion was still pending, plaintiff filed a notice of appeal. On March 10, 2020, the court entered an order denying plaintiff's motion and plaintiff filed an amended notice of appeal the same day.

¶ 13                                      II. ANALYSIS

¶ 14    Plaintiff appeals the trial court's order granting the motion to dismiss pursuant to sections 2-615 and 2-619 of the Code of Civil Procedure. See 735 ILCS 5/2-615, 2-619, 2-619.1 (West 2018). He argues that (1) Judge McGlynn's order is void because the order reassigning the case to him after he requested, and received, a substitution of that judge as a matter of right constituted a *de facto* improper denial of that motion; (2) the court violated his right to due process by basing its decision, in part, on the results of his then-pending criminal appeal without giving him a "meaningful opportunity to be heard" on that issue and by failing to set forth its reasoning in the order dismissing his complaint; (3) the court erred by holding he must demonstrate actual innocence to prevail; and (4) defendants' motion to dismiss was legally inadequate and, as such, the court erred in granting it.

¶ 15    Plaintiff first argues that the order dismissing his petition must be vacated because the case was erroneously reassigned to Judge McGlynn after he filed a motion for substitution of judge as

4

of right. See 735 ILCS 5/2-1001(a)(2)(i) (West 2016). Our review of this issue is *de novo*. *Village of East Dundee v. Village of Carpentersville*, 2016 IL App (2d) 151084, ¶ 10.

¶ 16    When a motion for substitution of judge as of right is timely presented to the court before the judge makes any substantive rulings, the statute provides an absolute right to the substitution. *Aussieker v. City of Bloomington*, 355 Ill. App. 3d 498, 500 (2005). Absent exceptions not relevant here,[1] the trial court has no discretion to deny the motion. See *id.*; *Illinois Licensed Beverage Ass'n v. Advanta Leasing Services*, 333 Ill. App. 3d 927, 933 (2002).

¶ 17    Here, the court granted plaintiff's motion and assigned the case to Judge Kolker, but more than a year later, reassigned the case to Judge McGlynn. Plaintiff argues this was the functional equivalent of an improper denial of his motion. Defendants "dispute" this contention but offer no arguments in support of their position. Instead, they argue that plaintiff forfeited this argument by failing to object at trial.

¶ 18    Generally, arguments not raised before the trial court are forfeited and may not be raised on appeal for the first time. *People ex rel. Department of Transportation v. Greatbanc Trust Co.*, 2018 IL App (1st) 171315, ¶ 13. However, forfeiture "is a limitation only on the parties" and a reviewing court may decide an "issue as long as the record contains facts sufficient for resolution of the issue." *Ward v. Community Unit School District No. 220*, 243 Ill. App. 3d 968, 974 (1993). "[T]he responsibility of a reviewing court for a just result and for the maintenance of a sound and uniform body of precedent may sometimes override the considerations of [forfeiture] that stem from the adversarial nature of our system." *American Federation of State, County & Municipal*

---

[1]Trial courts have discretion to deny a motion for substitution of judge as of right if the same judge made substantive rulings in a case that was voluntarily dismissed and subsequently refiled. *Bowman v. Ottney*, 2015 IL 119000, ¶ 29. They also have such discretion in cases where it can be shown that the party that filed the motion did so for the purpose of avoiding or delaying trial. *Illinois Licensed Beverage Ass'n*, 333 Ill. App. 3d at 932.

5

*Employees, Council 31 v. County of Cook*, 145 Ill. 2d 475, 480 (1991). As such, we consider plaintiff's argument despite his failure to raise the issue before the trial court.

¶ 19    Plaintiff argues that allowing a court to reassign a case to a judge after granting a timely motion for substitution of judge as of right would allow courts to "evade or sidestep the requirements and legislative intent of 735 ILCS 5/2-1001(a)(2)(i)." We agree. In reaching this conclusion, we are mindful that the statutory provision allowing litigants one substitution of judge as of right must be liberally construed. *Village of East Dundee*, 2016 IL App (2d) 151084, ¶ 10. Our review therefore "lean[s] toward favoring, rather than defeating, a request for substitution of judge." *Id.* To hold that it is proper to reassign such a case to a judge who was the subject of a previously granted motion for substitution as of right would effectively deprive the litigant of the benefit of the statute which cannot be reconciled with the principles of liberal construction addressed above. Thus, we agree the court erred by reassigning the matter to Judge McGlynn. The question, then, is whether his rulings must be vacated.

¶ 20    "As to what follows when a trial court improperly denies a motion for substitution of judge as of right, *** we observed that when a motion for substitution of judge 'is timely filed and in proper form, it must be granted and any order entered after its presentation is a nullity.' " *Palos Community Hospital v. Humana Insurance Co.*, 2021 IL 126008, ¶ 34 (quoting *In re Dominique F.*, 145 Ill. 2d 311, 324 (1991)). " 'Any order entered subsequent to the time that a motion for substitution of judge should have been granted becomes a nullity.' " *Id.* (quoting *Chavis v. Woodworker's Shop, Inc.*, 2018 IL App (3d) 170729, ¶ 15). Similarly, any substantive order entered by a judge who previously recused himself is invalid. *In re Marriage of Peradotti*, 2018 IL App (2d) 180247, ¶ 35. "[W]hen a judge is disqualified from a case, either by recusal *or through a petition for substitution*, that judge cannot enter any further orders in the matter." (Emphasis

6

added.) *Brzowski v. Brzowski*, 2014 IL App (3d) 130404, ¶ 19. Once removed from a case, a judge has no power or authority over the case and any orders entered after the removal have no force or effect. See *Peradotti*, 2018 IL App (2d) 180247, ¶ 35; *Brzowski*, 2014 IL App (3d) 130404, ¶ 19.

¶ 21   Here, the record confirms that Judge McGlynn was removed from this case following plaintiff's motion for substitution as of right. Despite this removal, he was reassigned to the case a year later, issued an order granting defendants' motion to dismiss, and later denied plaintiff's postjudgment motion. To allow Judge McGlynn's rulings to stand runs contrary to the statutory language and underlying principles construing section 2-1001(a)(2). As such, we hold that Judge McGlynn's authority to issue any ruling in this matter was extinguished in 2017 and the orders issued thereafter are of no force or effect. Accordingly, we vacate the trial court's order granting defendants' motion to dismiss, along with any subsequent orders issued by Judge McGlynn, and remand the case to the trial court with directions to assign defendants' motion to dismiss plaintiff's third amended complaint to a different judge. As our determination of this issue is dispositive of the appeal, we need not consider the other issues raised by plaintiff.

¶ 22                                III. CONCLUSION

¶ 23   For these reasons, we vacate the trial court's judgment dismissing plaintiff's complaint for failure to state a claim and remand the case for a hearing on defendants' motion to dismiss plaintiff's third amended complaint before a different judge.


¶ 24   Vacated and remanded.