**2015 IL 119000**

# IN THE

# SUPREME COURT

# OF

# THE STATE OF ILLINOIS

_____

(Docket No. 119000)

CONNIE L. BOWMAN, Special Adm'r of the Estate of Char L. Bowman, Deceased, Appellant, v. MICHAEL D. OTTNEY, D.O., Appellee.

*Opinion filed December 17, 2015.*

JUSTICE FREEMAN delivered the judgment of the court, with opinion.

Chief Justice Garman and Justices Thomas, Karmeier, Burke, and Theis concurred in the judgment and opinion.

Justice Kilbride dissented, with opinion.

**OPINION**

¶ 1    Plaintiff, Connie L. Bowman, as special administrator of the estate of Char L. Bowman, brought a medical malpractice action against defendant, Michael D. Ottney, D.O., seeking recovery for injuries allegedly caused by the negligent treatment of decedent, Char L. Bowman. During pretrial proceedings on the claim, the circuit court of Jefferson County made rulings on substantial issues. Thereafter, Bowman voluntarily dismissed her complaint and subsequently refiled the suit. The refiled suit was assigned to the same judge who had presided over the earlier proceedings, and Bowman immediately moved for substitution of judge as of right

under section 2-1001(a)(2)(ii) of the Code of Civil Procedure (Code) (735 ILCS 5/2-1001(a)(2)(ii) (West 2014)). The circuit court denied the motion, but certified a question to the appellate court pursuant to Illinois Supreme Court Rule 308 (eff. Jan. 1, 2015) as to whether a trial court had discretion to deny a motion for substitution of judge filed by a plaintiff, where the court had ruled on matters of substance in plaintiff's previously dismissed suit. A divided panel of the appellate court answered the certified question in the affirmative. 2015 IL App (5th) 140215. This court granted Bowman's petition for leave to appeal. Ill. S. Ct. R. 315 (eff. Jan. 1, 2015). For the followings reasons, we affirm the judgment of the appellate court.

¶ 2                                         BACKGROUND

¶ 3        In June 2009, Bowman filed a complaint for medical malpractice against defendants, Dr. Michael D. Ottney and Core Physician Resources, P.C., seeking recovery for the allegedly negligent medical treatment of decedent, Char L. Bowman. Bowman's complaint, which was filed in Jefferson County, was docketed as "09 L 28" and was assigned to be heard by Judge David Overstreet. In the ensuing four years, Judge Overstreet presided over extensive pretrial proceedings, during which he issued rulings on substantial issues such as the disclosure of certain materials in discovery. After these rulings but prior to trial, Bowman voluntarily dismissed her complaint, pursuant to section 2-1009(a) of the Code (735 ILCS 5/2-1009 (West 2014)). Four months later, Bowman refiled her cause of action against Ottney, in accordance with section 13-217 of the Code (735 ILCS 5/13-217 (West 2014)). In her second complaint, also filed in Jefferson County, Bowman named Ottney as the sole defendant and asserted the same claim as that previously alleged in her 2009 complaint. Bowman's second complaint was docketed as "13 L 41" and was assigned to be heard by Judge Overstreet. Bowman immediately filed a motion for substitution of judge as of right under section 2-1001(a)(2)(ii) of the Code (735 ILCS 5/2-1001(a)(2)(ii) (West 2014)). Ottney objected to the motion on the ground that it was not timely because Judge Overstreet had made rulings on substantial issues during the pretrial proceedings on the 2009 complaint prior to its voluntary dismissal. Citing to the decision in *Ramos v. Kewanee Hospital*, 2013 IL App (3d) 120001, Ottney contended that Bowman's motion for substitution of judge should be denied because she had "tested the waters" during the proceedings on her voluntarily dismissed 2009 complaint.

¶ 4    The circuit court denied Bowman's motion for substitution of judge, but granted her request for certification of the following question for interlocutory appeal under Rule 308(a):

"In a case which had previously been voluntarily dismissed pursuant to 735 ILCS 5/2-1009 and then subsequently re-filed, does the trial court have discretion to deny a Plaintiff's immediately filed Motion for Substitution of Judge, brought pursuant to 735 ILCS 5/2-1001, based on the fact that the Court had made substantive rulings in the previously dismissed case?"

¶ 5    The appellate court allowed Bowman's application for leave to appeal under Rule 308 and answered the certified question in the affirmative. Relying, in part, on the analysis in *Ramos v. Kewanee Hospital*, the majority held that Bowman's motion for substitution of judge in the 2013 suit was properly denied under the "test the waters" doctrine. 2015 IL App (5th) 140215, ¶¶ 16-17. The majority noted that this doctrine permits the denial of an initial motion for substitution of judge before substantial rulings have been made, if the party presenting the motion has been able to form an opinion as to the court's disposition toward his or her case. *Id.* ¶ 10. The court held that the doctrine was applicable and justified denial of Bowman's motion because she had "tested the waters" during her voluntarily dismissed 2009 suit. *Id.* ¶¶ 16-17. One justice dissented, expressing the view that the circuit court judge had no discretion to deny the motion for substitution because all of the statutory prerequisites were met in the refiled action and because the "test the waters" doctrine has been discredited and rejected. *Id.* ¶¶ 24-25 (Stewart, J., dissenting) (citing *Schnepf v. Schnepf*, 2013 IL App (4th) 121142).

¶ 6    This court allowed Bowman's petition for leave to appeal. Ill. S. Ct. R. 315 (eff. July 1, 2013). We subsequently allowed the Illinois Trial Lawyers Association to submit an *amicus curiae* brief in support of Bowman, and the Illinois Association of Defense Trial Counsel to submit an *amicus curiae* brief in support of Ottney. Ill. S. Ct. R. 345 (eff. Sept. 20, 2010).

¶ 7                                    ANALYSIS

¶ 8    In general, we are limited to reviewing the question certified by the trial court. *Barbara's Sales, Inc. v. Intel Corp.*, 227 Ill. 2d 45, 57-58 (2007). A certified question under Rule 308 necessarily presents a question of law, which we review

*de novo*. *Wilson v. Edward Hospital*, 2012 IL 112898, ¶ 8. In this case, the certified question requires that we construe section 2-1001(a)(2)(ii) of the Code (735 ILCS 5/2-1001(a)(2)(ii) (West 2014)) and its effect when considered in relation to the voluntary dismissal and refiling provisions of the Code set forth in sections 2-1009(a) and 13-217 (735 ILCS 5/2-1009(a), 13-217 (West 2014)). We also review issues of statutory construction *de novo*. *Slepicka v. Illinois Department of Public Health*, 2014 IL 116927, ¶ 13.

¶ 9         Our primary objective in construing a statute is to ascertain and effectuate the intent of the legislature. *Id.* ¶ 14. The most reliable means of achieving that goal is to apply the plain and ordinary meaning of the statutory language. *In re Commitment of Fields*, 2014 IL 115542, ¶ 32. When construing statutory language, we view the statute as a whole, construing words and phrases in light of other relevant statutory provisions and not in isolation. *In re Parentage of J.W.*, 2013 IL 114817, ¶ 37. In addition, a court may consider the reason for the law, the problems sought to be remedied, the purposes to be achieved, and the consequences of construing the statute one way or another. *Chicago Teachers Union, Local No. 1 v. Board of Education of the City of Chicago*, 2012 IL 112566, ¶ 15.

¶ 10        Section 2-1001(a)(2)(ii) provides, in relevant part, that a substitution of judge "in any civil action" may be had as follows:

> "(2) Substitution as of right. When a party timely exercises his or her right to a substitution without cause as provided in this paragraph (2).
>
>> (i) Each party shall be entitled to one substitution of judge without cause as a matter of right.
>>
>> (ii) An application for substitution of judge as of right shall be made by motion and shall be granted if it is presented before trial or hearing begins and before the judge to whom it is presented has ruled on any substantial issue in the case, or if it is presented by consent of the parties." 735 ILCS 5/2-1001(a)(2)(ii) (West 2014).

Section 2-1009(a) of the Code permits a plaintiff to dismiss his or her action without prejudice at any time before trial or hearing begins. 735 ILCS 5/2-1009(a) (West 2014). Section 13-217 allows a plaintiff to refile an action that has been voluntarily dismissed within one year from the date of the dismissal. 735 ILCS 5/13-217 (West 2014).

- 4 -

¶ 11 Bowman contends that the circuit court erred in denying her motion for substitution of judge in the 2013 action, and she advocates for a "bright line" rule allowing a substitution as of right, even where the motion is presented in a refiled action after the same judge had made substantive rulings in the previously dismissed suit. In support, Bowman cites to the language of section 2-1001(a)(2)(ii) and focuses, in particular, on the phrase "in the case." According to Bowman, the plain meaning of this phrase necessarily refers only to the case that is currently pending before the court. Bowman claims that because Judge Overstreet had not made any substantive rulings in the refiled 2013 suit, he had no discretion to deny the motion for substitution of judge.

¶ 12 Ottney responds that section 2-1001(a)(2)(ii) must be construed to allow a court to consider the overall controversy between the parties. According to Ottney, this interpretation is the only way to give effect to the purposes of the statute, which include prevention of "judge shopping." Ottney contends, therefore, that Judge Overstreet had discretion to deny the motion for substitution in the 2013 suit because he had issued rulings on substantial matters in the previously dismissed suit on Bowman's 2009 complaint.

¶ 13 In construing section 2-1001(a)(2)(ii), we are guided by its language and purposes, as well as its statutory history. See *Chicago Teachers Union, Local No. 1*, 2012 IL 112566, ¶ 15; *DeClerck v. Simpson*, 143 Ill. 2d 489, 492 (1991).

¶ 14 The version of section 2-1001 that is currently in effect was adopted in 1993, when the General Assembly rewrote the statute. Prior to the 1993 amendment, the provisions under which a party could request a substitution of judge were embodied in the legislative acts governing changes of venue. Ill. Rev. Stat. 1991, ch. 110, ¶¶ 2-1001, 2-1002. Under those provisions, a party seeking a substitution of judge was required to allege bias or prejudice on the part of the judge presiding in the cause. Ill. Rev. Stat. 1991, ch. 110, ¶ 2-1001(a)(2). It was recognized, however, that allowing charges of judicial bias to be made without proof would invite litigants to engage in "judge shopping" or to seek a substitution as a delay tactic. See Ill. Ann. Stat., ch. 110, ¶ 2-1001, Historical and Practice Notes, at 142-43 (Smith-Hurd 1983). Yet, requiring proof of a claim of prejudice presented other difficulties by requiring either that the accused jurist sit as judge in his own cause or that another judge be brought in on short notice to pass upon the personal views of a colleague. Ill. Ann. Stat., ch. 110, ¶ 2-1001, Historical and Practice Notes, at 142 (Smith-Hurd 1983). The reconciliation of these conflicting policy concerns was encompassed in

- 5 -

the statutory provisions "and in the judicial gloss which has been put upon those sections." *Id.* Thus, before section 2-1001 was amended in 1993, Illinois courts recognized that a litigant was entitled to one "change of venue" on grounds of judicial bias or prejudice, and that right was considered to be "automatic" because the substitution request was required to be supported only by generalized allegations, which need not be proved. See *American State Bank v. County of Woodford*, 55 Ill. App. 3d 123, 128 (1977).

¶ 15    In addition, the preamendment version of section 2-1001 specifically provided that a request for "change of venue shall not be granted unless it is presented before trial or hearing begins and before the judge to whom it is presented has ruled on any substantial issue in the case ***." Ill. Rev. Stat. 1991, ch. 110, ¶ 2-1001(c). This requirement served to advance the statutory goals of preventing "forum-shopping" and promoting judicial efficiency by precluding its use as a delay tactic. Ill. Ann. Stat., ch. 110, ¶ 2-1001, Historical and Practice Notes, at 143 (Smith-Hurd 1983). Therefore, even though the right was considered to be "automatic" or "absolute," even an initial request for substitution of judge could be denied if it was motivated by a desire to avoid or delay the proceedings. *Hoffmann v. Hoffmann*, 40 Ill. 2d 344, 348 (1968). Also, if a litigant failed to move for the first "change of venue" in a timely fashion, then any relief from a claim of bias or prejudice had to be justified by proof that the bias or prejudice actually existed. *Board of Trustees of Community College District No. 508, County of Cook v. Cook County College Teachers Union Local 1600*, 42 Ill. App. 3d 1056, 1066 (1976).

¶ 16    With the 1993 amendment, section 2-1001 was rewritten to eliminate the requirement that a party seeking substitution must allege bias or prejudice on the part of the presiding judge. See 87th Ill. Gen. Assem., Senate Bill 1720, 1992 Sess.; 87th Ill. Gen. Assem., Senate Proceedings, May 19, 1992, at 114. Under the new provision, a litigant is entitled to one substitution without cause as a matter of right, as long as the request for substitution is "presented before trial or hearing begins and before the judge to whom it is presented has ruled on any substantial issue in the case." 735 ILCS 5/2-1001(a)(2)(ii) (West 2014). After a substantive ruling has been made, however, subsection (a)(3) permits substitution only "[w]hen cause exists." 735 ILCS 5/2-1001(a)(3) (West 2014). Thus, the 1993 amendment did not alter the restriction to only one substitution as a matter of right, nor did it change the requirement that the motion be brought before the judge to whom it is presented has ruled on any substantial issue in the case. These aspects of the previous statute are

the same today as they were before 1993, and the purpose of the statute remains the same.

¶ 17    Illinois courts have held that, when properly made, a motion for substitution of judge as a matter of right is absolute, and the circuit court has no discretion to deny the motion. *Cincinnati Insurance Co. v. Chapman*, 2012 IL App (1st) 111792, ¶ 23. In addition, the provisions of section 2-1001 are to be liberally construed to promote rather than defeat the right of substitution. *In re Estate of Wilson*, 238 Ill. 2d 519, 553 (2010). Yet, the principle of liberal construction cannot excuse a party from complying with the statute's explicit requirements. *Id.* Moreover, we will avoid a construction that would defeat the statute's purpose or yield absurd or unjust results. *Krautsack v. Anderson*, 223 Ill. 2d 541, 558 (2006).

¶ 18    In considering the terms of section 2-1001, this court has recognized that a party " 'may not "judge shop" until he finds one in total sympathy to his cause. Any other rule would spell the immediate demise of the adversary system.' " *In re Marriage of O'Brien*, 2011 IL 109039, ¶ 30 (quoting *American State Bank v. County of Woodford*, 55 Ill. App. 3d 123, 128 (1977)). Consequently, the principle that section 2-1001(a)(2) should be read as favoring substitution does not require a construction that permits a party to engage in "judge shopping." Also, though not expressly included in the statute, this court has long recognized that courts may take into consideration the circumstances surrounding a motion for substitution of judge and may deny the motion if it is apparent that the request has been made as a delay tactic. *In re Estate of Wilson*, 238 Ill. 2d at 557 (citing *Hoffmann*, 40 Ill. 2d at 348, and *People v. Peterson*, 70 Ill. App. 3d 205, 207-08 (1979)).

¶ 19    In urging that the phrase "in the case" refers only to the case currently pending before the court, Bowman cites to precedent holding that a case that has been refiled under section 13-217 is a "new and separate action, not a reinstatement of the old action." *Dubina v. Mesirow Realty Development, Inc.*, 178 Ill. 2d 496, 504 (1997); *Wilson v. Brant*, 374 Ill. App. 3d 306, 311 (2007). According to Bowman, since the 2013 suit was assigned a different docket number, necessitated the payment of a new filing fee, and required that she again serve Ottney with process, it was a "new case" and entitled her to exercise her automatic right to a substitution of judge without cause and without regard to the prior proceedings on her 2009 complaint. We do not agree.

¶ 20    Admittedly, refiled cases have been held to be new and separate actions for some purposes. See *Dubina*, 178 Ill. 2d at 504 (deciding the finality of orders to determine the existence of appellate jurisdiction); *Wilson*, 374 Ill. App. 3d at 311 (considering application of the "mailbox rule" to the filing of a complaint). However, our task here is to determine whether the legislature intended the phrase "in the case" to refer only to the currently pending suit for purposes of deciding a motion for substitution of judge as of right. Our primary goal is to effectuate the purpose of the statute (*Slepicka*, 2014 IL 116927, ¶ 14), and we are constrained to give statutory language meaning that advances, rather than defeats, its purpose. Therefore, regardless of what has been said in other contexts, we will not construe section 2-1001(a)(2) in a manner that facilitates or encourages "judge shopping."

¶ 21    The narrow and literal interpretation of the phrase "in the case" suggested by Bowman creates a loophole that allows the purpose of the statute to be defeated. We conclude that the legislature did not intend such a construction. Contrary to Bowman's assertion, the voluntary dismissal and refiling of a cause of action does not "reset the clock" with respect to the substitution of a judge who previously made substantive rulings in the prior proceeding. Considering the history of section 2-1001 and the goals sought to be achieved, we conclude that section 2-1001(a)(2)(ii) must be read as referring to all proceedings between the parties in which the judge to whom the motion is presented has made substantial rulings with respect to the cause of action before the court.

¶ 22    Moreover, Bowman's argument effectively ignores the very first clause of section 2-1001(a), which states that "[a] substitution of judge *in any civil action* may be had in the following situations." 735 ILCS 5/2-1001(a) (West 2014). Although Bowman initiated two lawsuits with distinct docket designations—by filing a complaint in 2009 and then again in 2013 after the earlier suit had been voluntarily dismissed—she had only a single cause of action against Ottney based on his allegedly negligent medical treatment of decedent. See generally *River Park, Inc. v. City of Highland Park*, 184 Ill. 2d 290, 309-10 (1998). Thus, our interpretation is bolstered, rather than hindered, by the plain language of the statute.

¶ 23    We also reject Bowman's contention that she is entitled to exercise the right to automatic substitution in the 2013 suit because Illinois Supreme Court Rule 219(e) provides a defendant with adequate protection against a plaintiff's attempt to "judge shop." Rule 219(e) provides, in relevant part, as follows:

"Voluntary Dismissals and Prior Litigation. A party shall not be permitted to avoid compliance with discovery deadlines, orders or applicable rules by voluntarily dismissing a lawsuit. In establishing discovery deadlines and ruling on permissible discovery and testimony, the court shall consider discovery undertaken (or the absence of same), any misconduct, and orders entered in prior litigation involving a party." Ill. S. Ct. R. 219(e) (eff. July 1, 2002).

¶ 24    We do not agree that Rule 219(e) can be read as a panacea that operates to protect against the prohibited practice of "judge shopping." Rather, it reflects this court's determination that, where a case has been refiled pursuant to section 13-217, it is not necessarily considered to be an entirely new and unrelated action for all purposes. As such, Rule 219(e) is a formal recognition of the underlying purpose of section 2-1001(a)(2)(ii) and is a logical extension of that statute and the goals sought to be achieved by it.

¶ 25    In this case, Bowman had the opportunity to present a motion for substitution of judge as of right during the proceedings on her 2009 complaint. For whatever reason, she declined to exercise that right before Judge Overstreet ruled on substantial issues in those proceedings. After he did so, Bowman lost her right to seek a substitution of Judge Overstreet as a matter of right. The fact that she voluntarily dismissed her complaint and refiled her claim against Ottney four months later does not change that fact. Bowman cannot use the voluntary dismissal and refiling provisions to accomplish in the 2013 suit what she was precluded from doing in the 2009 suit. This is precisely the type of procedural maneuvering that section 2-1001 is designed to prevent. Consequently, we reject Bowman's assertion that the circuit court did not have discretion to deny the motion for substitution of judge under the circumstances of this case.

¶ 26    Also, we note that, even after Judge Overstreet ruled on matters of substance, there was nothing preventing Bowman from seeking a substitution for cause under section 2-1001(a)(3) in either the 2009 or the 2013 litigation. See *In re Marriage of O'Brien*, 2011 IL 109039, ¶ 30; *In re Marriage of Kozloff*, 101 Ill. 2d 526, 532 (1984). However, substantiating such a petition is a heavy burden. Acceptance of Bowman's argument would allow a plaintiff to avoid satisfying that burden through the mechanism of a voluntary dismissal and refiling, thereby thwarting the purpose of the statute. This we cannot do.

¶ 27    As a final matter, we observe that the parties have presented arguments relating to the continued validity of the "test the waters" doctrine, which has been applied in cases where no substantive rulings were made. Based on our decision set forth above, that doctrine is inapplicable here and is not explicitly implicated in the certified question. Accordingly, we need not address its validity in circumstances that are not presented in this case.

¶ 28                                    CONCLUSION

¶ 29    For the reasons set forth above, we answer the certified question as follows: in a case which previously had been voluntarily dismissed and then refiled, a trial court has discretion to deny an immediately filed motion for substitution of judge based on the fact that the same judge to whom the motion is presented made substantive rulings in the previously dismissed case. Accordingly, we affirm the judgment of the appellate court and remand the cause to the circuit court.

¶ 30    Certified question answered.

¶ 31    Appellate court judgment affirmed.

¶ 32    Cause remanded.

¶ 33    JUSTICE KILBRIDE, dissenting:

¶ 34    Section 2-1001(a)(2) of the Code of Civil Procedure broadly grants all civil litigants a right to "one substitution of judge without cause as a matter of right." 735 ILCS 5/2-1001(a)(2)(i) (West 2014). In other words, the provision entitles every civil litigant in Illinois to an absolute right to one substitution of judge without cause. Consistent with this statutory prerogative, this court holds that the provisions of section 2-1001 are to be liberally construed to promote rather than defeat the right of substitution. *In re Estate of Wilson*, 238 Ill. 2d 519, 553 (2010).

¶ 35    The majority here, however, construes section 2-1001(a)(2) in a way to defeat plaintiff's right to a single substitution of judge. As explained below, this construction is not supported by the plain language of the statute. Compounding its

error, the majority declines to consider a critical issue implicated by the certified question and fully briefly by both parties in this appeal—whether the "test the waters" doctrine is still valid following the legislature's significant revisions of the substitution statute in 1993. *Supra* ¶ 27. For these reasons, I cannot join the majority's opinion and I respectfully dissent.

¶ 36    The majority effectively rewrites section 2-1001(a)(2) of the Code to create a new requirement for a motion seeking substitution of judge in Illinois. Specifically, the majority determines that the statute "must be read as referring to all proceedings between the parties in which the judge to whom the motion is presented has made substantial rulings with respect to the cause of action before the court." *Supra* ¶ 21. Thus, the majority concludes that when a case has been voluntarily dismissed and is subsequently refiled, the trial judge has discretion to deny immediately the motion for substitution on the basis that the same judge made a substantive ruling in the previously dismissed case. *Supra* ¶ 29.

¶ 37    The unambiguous statutory language of section 2-1001(a)(2) does not support the majority's construction. In fact, the provision contains absolutely no reference to a prior voluntarily dismissed case, let alone condition the grant of substitution on the nature of rulings in a previously dismissed case. Instead, section 2-1001(a)(2)(i) unequivocally grants every civil litigant a statutory right to a single substitution of judge without cause. 735 ILCS 5/2-1001(a)(2)(i) (West 2014). The provision further mandates that the motion for substitution *shall be granted* "if it is presented before trial or hearing begins and before the judge to whom it is presented has ruled on any substantial issue in the case, or if it is presented by consent of the parties." 735 ILCS 5/2-1001(a)(2)(ii) (West 2014). In relevant part, then, the only statutory limitation on a civil litigant seeking a substitution of judge is the requirement that the litigant files the motion for substitution before the judge enters any substantive rulings in the case. 735 ILCS 5/2-1001(a)(2)(ii) (West 2014).

¶ 38    Here, plaintiff voluntarily dismissed her original medical malpractice action against defendant (case No. 09-L-28). Subsequently, plaintiff timely refiled her action (case No. 13-L-41) under section 13-217 of the Code (735 ILCS 5/13-217 (West 2014)). In Illinois, a case refiled under section 13-217 of the Code is considered a new and separate action, not a reinstatement of the old action. *Dubina v. Mesirow Realty Development, Inc.*, 178 Ill. 2d 496, 504 (1997).

¶ 39 Although the same trial judge presided over both cases, the judge issued substantive rulings only in case No. 09-L-28. It is undisputed that the judge did not enter any substantive rulings in plaintiff's refiled action, case No. 13-L-41. Simply put, when plaintiff filed her motion for substitution in this case the trial judge had not entered any substantive rulings in refiled case No. 13-L-41, "the case" for purposes of section 2-1001(a)(2). See *Dubina*, 178 Ill. 2d at 504 (an action refiled under section 13-217 of the Code is considered a new and distinct action not a continuation of the prior action). Accordingly, under the plain meaning of section 2-1001(a)(2), plaintiff's motion for substitution of judge should have been granted. I believe the majority errs in reaching the opposite conclusion.

¶ 40 Unfortunately, the majority also declines to address the conflict in our appellate court on whether the "test the waters" doctrine is valid in the context of section 2-1001(a)(2) of the Code. *Supra* ¶ 27. Without question, the doctrine is intertwined with the certified question presented in this appeal. The appellate court below disagreed on the doctrine's application and viability, and the parties have fully briefed the issue before this court. As the dissenting appellate court justice in this case rightly observed, "[t]here is a clear disagreement among the appellate districts on this issue, which should be determined by the supreme court." 2015 IL App (5th) 140215, ¶ 24 (Stewart, J., dissenting); see also *Schnepf v. Schnepf*, 2013 IL App (4th) 121142, ¶¶ 28-30 (discussing the conflict in the appellate court on the "test the waters" doctrine).

¶ 41 Although the majority does not address this controversy, I would adopt the well-reasoned analysis of the Fourth District Appellate Court's decision in *Schnepf* to reject the "test the waters" doctrine. As the Fourth District concluded:

"The 'test the waters' doctrine was rendered obsolete 20 years ago by introduction of the right to a substitution of judge without cause under the new version of section 2-1001(a)(2). The doctrine not only does nothing to advance the functioning of section 2-1001(a)(2), it affirmatively frustrates its purpose. By inviting the trial judge to make the potentially nuanced, subjective determination of whether he has tipped his hand at some point during the proceedings, the doctrine undermines the movant's right to have the fate of his case placed in the hands of a different judge." *Schnepf*, 2013 IL App (4th) 121142, ¶ 50.

I agree completely with this rationale and would likewise reject the "test the waters" doctrine here.

¶ 42        Indisputably, section 2-1001(a)(2) of the Code provides every civil litigant an absolute right to "one substitution of judge without cause as a matter of right." 735 ILCS 5/2-1001(a)(2)(i) (West 2014). The applicable provisions contain no reference to a previously dismissed case, let alone condition a civil litigant's absolute right to substitution on the nature of rulings in a prior separate and distinct action. Consistent with this unambiguous legislative pronouncement and this court's established policy to promote rather than defeat substitution (*In re Estate of Wilson*, 238 Ill. 2d at 553), I would answer the certified question in this case to state that a trial judge does *not* have discretion to deny immediately a motion for substitution based on the fact that the same judge to whom the motion is presented made substantive rulings in the previously dismissed case. Accordingly, I would reverse the appellate court's judgment.