NOTICE

Decision filed 06/30/20. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2020 IL App (5th) 190439

NO. 5-19-0439

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| MONTE SIMPSON, as Administrator of the Estate of Arnold Simpson, Deceased, | ) ) ) | Appeal from the Circuit Court of Madison County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 18-L-894 |
| DANIEL KNOBLAUCH, | ) ) | Honorable Dennis R. Ruth, |
| Defendant-Appellant. | ) ) | Judge, presiding. |

_____

JUSTICE OVERSTREET delivered the judgment of the court, with opinion.
Presiding Justice Welch and Justice Boie concurred in the judgment and opinion.

**OPINION**

¶ 1    The plaintiff's decedent, Arnold Simpson, and his passenger, Linda Abert, were injured in a car collision with the defendant, Daniel Knoblauch. In 2017, Abert filed a claim against Knoblauch, settled her claim against Arnold, and then settled her claim against Knoblauch. Prior to Abert and Knoblauch's settlement agreement, Knoblauch filed a third-party contribution claim against Arnold, which was dismissed pursuant to Abert and Arnold's settlement agreement, and the circuit court heard arguments on various pretrial motions. Thereafter, in 2018, before the same trial court judge who presided over Abert's claim against Knoblauch, Arnold then filed in the circuit court of Madison County this case against Knoblauch, and Knoblauch moved for a

1

substitution of judge as of right. See 735 ILCS 5/2-1001 (West 2018). The circuit court denied Knoblauch's motion and certified the following question for appeal to this court:

"Does the trial court have discretion to deny [Knoblauch's] [m]otion for [s]ubstitution of [j]udge, brought pursuant to 735 ILCS 5/2-1001, when the court has found [Knoblauch] tested the waters in a different cause of action arising from the same occurrence brought by a different plaintiff against the same defendant?"

For the foregoing reasons, we answer the certified question in the negative.

¶ 2                                    I. BACKGROUND

¶ 3                              Abert v. Knoblauch, No. 17-L-1335

¶ 4      On September 22, 2017, Abert filed her action against Knoblauch and Brian and Terese Svehla as a result of a June 2, 2017, vehicle collision. Abert alleged that while a passenger in Arnold's vehicle, she was injured after Knoblauch struck Arnold's vehicle from behind.

¶ 5      On October 2, 2017, Abert and Arnold entered into a settlement agreement wherein Abert received Arnold's insurance liability policy limits. However, on December 2, 2017, Knoblauch filed a third-party complaint for contribution against Arnold for Abert's injuries. See 740 ILCS 100/2 (West 2016) (where two are subject to liability arising out of same injury, there is a right of contribution among them, even though judgment has not been entered against any of them). On January 22, 2018, Arnold filed a motion for good faith finding, requesting the circuit court to find that the agreement entered into between Abert and Arnold was a good faith agreement in accordance with the Joint Tortfeasor Contribution Act (740 ILCS 100/2 (West 2018)) and that the settlement agreement between Abert and Arnold thus barred Knoblauch's claims in contribution against Arnold. See *id.* § 2(c), (d) (where a tortfeasor settled "in good faith" with an injured party, tortfeasor is no longer liable for contribution to any other tortfeasor). Arnold, as a third-party

2

defendant, requested that the circuit court dismiss with prejudice Knoblauch's third-party complaint for contribution.

¶ 6    On February 2, 2018, the circuit court dismissed with prejudice Knoblauch's third-party claims against Arnold. The circuit court held as follows:

"The Court, having considered the relative allegations of negligence, [Abert's] claimed injury and the merits, hereby finds that the settlement entered into between [Abert] and [Arnold] is in [g]ood [f]aith, pursuant to the Illinois Contribution Act (740 ILCS 100/2), and, as such, all contribution and/or third party claims seeking contribution and/or apportionment of fault are hereby extinguished and barred, with [Arnold] discharged from all liability for any contribution to any other tortfeasor, pursuant to 740 ILCS 100/2(c) & (d)."

¶ 7    At a subsequent hearing held on October 12, 2018, the circuit court addressed a pending motion for partial summary judgment, motion to amend the case management order, motion for sanctions or in the alternative to name a rebuttal expert, and motions *in limine* to bar the testimony of Knoblauch's expert, Jeff Polster. During the hearing, Abert's attorney argued, among other things, that Knoblauch had a duty to stop and avoid the June 2, 2017, collision but that he had failed to do so. The circuit court heard arguments, took the motions under advisement, and ordered the parties to mediate. Prior to the circuit court's rulings on the motions, Abert settled her claims against Knoblauch, and on November 28, 2018, the parties filed a stipulation to dismiss the action, pursuant to the settlement.

¶ 8                          Simpson v. Knoblauch, No. 18-L-894

¶ 9    On July 16, 2018, Arnold, who subsequently died on August 21, 2019, filed a complaint in the circuit court of Madison County alleging that he was also injured as a result of the June 2,

3

2017, automobile collision caused by Knoblauch's alleged negligence. In his complaint, Arnold alleged that he was driving northbound on Interstate 55, slowed and stopped for traffic ahead of him, and was rear-ended by Knoblauch's vehicle. Arnold alleged that Knoblauch negligently failed to reduce speed, failed to avoid collision, failed to keep a proper lookout, failed to be attentive, failed to obey the rules of the road, and failed to use ordinary and reasonable care in operating a motor vehicle. Arnold's cause against Knoblauch was assigned to the same trial court judge who presided over Abert's cause against Knoblauch.

¶ 10    On October 19, 2018, Knoblauch filed an answer and jury demand to Arnold's complaint. In his answer, Knoblauch asserted that Arnold's vehicle "was either at or near a dead stop or in park" at the time of the collision. Knoblauch also raised affirmative defenses of spoliation, alleging that Arnold disposed of his vehicle after the collision and prevented Knoblauch from inspecting it, and contributory negligence, alleging that Arnold's negligence in operating his motor vehicle exceeded 50% of the negligence, precluding recovery.

¶ 11    On November 29, 2018, a month subsequent to the October 12, 2018, hearing in Abert v. Knoblauch, Knoblauch filed a motion for substitution of judge as of right. See 735 ILCS 5/2-1001(a)(2)(ii) (West 2018). On December 3, 2018, Arnold filed an objection to Knoblauch's motion for substitution of judge, contending that the motion should be denied because the case arose from the same car accident and involved the same defendant, Knoblauch, who was represented by the same defense counsel as in Abert v. Knoblauch and Knoblauch had "test[ed] the waters" in Abert v. Knoblauch to determine the trial court judge's positions on issues relevant in this case.

¶ 12    On March 8, 2019, at the hearing on Knoblauch's motion for substitution of judge, Arnold argued that Knoblauch's motion for substitution of judge constituted a delay tactic and that, if the

court were to grant the motion, it would be highly unlikely that the parties would keep the scheduled trial date of October 29, 2019. Arnold asserted that the witnesses and defenses in this case were the same as in Abert v. Knoblauch and that common issues in both cases involved whether a "phantom semi-truck blocked [Knoblauch's] view" and allowed Knoblauch insufficient time to avoid colliding with Arnold's vehicle and whether Arnold had stopped in the lane of traffic or on the shoulder of the road. Arnold argued that because the circuit court had indicated in Abert v. Knoblauch that it found the "phantom truck" defense incredible, Knoblauch had already "tested the waters" regarding the trial court judge's position and therefore could not substitute the trial court judge as a matter of right.

¶ 13 On July 30, 2019, the circuit court entered an order denying Knoblauch's motion for substitution of judge as of right. In its order, the circuit court noted that Knoblauch's defense counsel represented him in both cases and that counsel had filed the motion for substitution in this case one day subsequent to filing the motion to dismiss pursuant to settlement in Abert v. Knoblauch. The court noted that both lawsuits arose out of the same accident, that in each case Knoblauch was charged with negligent operation of the vehicle that struck the vehicle in which the plaintiffs were occupants, and that many issues were substantially similar or identical between the two cases. The circuit court found that September 28, 2018, and October 12, 2018, hearings conducted in Abert v. Knoblauch, No. 17-L-1335, involved extensive discussions regarding issues also relevant in this case and that, although the trial court judge did not indicate specifically how he intended to rule, counsel benefitted from questions and comments revealing the court's position regarding the issues. Accordingly, the circuit court concluded that Knoblauch had "tested the waters" regarding the circuit court's positions in Abert v. Knoblauch and was therefore not entitled to substitution of judge as of right in the present case.

5

¶ 14    On August 29, 2019, Knoblauch filed a motion to reconsider the court's July 30, 2019, order or, in the alternative, to certify a question for appeal. Knoblauch argued that the motion for substitution of judge as of right was improperly denied on the basis of discussions in a separate case filed by a different plaintiff. Knoblauch argued that the court failed to consider the differences in the plaintiffs and in the liability issues in the separate cases. On September 19, 2019, the circuit court denied Knoblauch's motion to reconsider and certified the aforementioned question for appeal pursuant to Illinois Supreme Court Rule 308 (eff. Jan. 1, 2016). On November 13, 2019, this court granted Knoblauch's application for leave to appeal.

¶ 15                                    II. DISCUSSION

¶ 16    Our review of the question certified by the trial court is governed by Illinois Supreme Court Rule 308 (eff. Jan. 1, 2016). "A certified question under Rule 308 necessarily presents a question of law, which we review *de novo*." *Bowman v. Ottney*, 2015 IL 119000, ¶ 8. In the interests of judicial economy and the need to reach an equitable result, we may also consider the propriety of the circuit court's order giving rise to these proceedings. *De Bouse v. Bayer AG*, 235 Ill. 2d 544, 550 (2009).

¶ 17    Our primary objective in construing a statute is to ascertain and effectuate the legislature's intent. *Bowman*, 2015 IL 119000, ¶ 9. "The most reliable means of achieving that goal is to apply the plain and ordinary meaning of the statutory language." *Id.* "When construing statutory language, we view the statute as a whole, construing words and phrases in light of other relevant statutory provisions and not in isolation." *Id.* "In addition, a court may consider the reason for the law, the problems sought to be remedied, the purposes to be achieved, and the consequences of construing the statute one way or another." *Id.*

¶ 18    Section 2-1001 of the Code of Civil Procedure (Code) provides as follows:

"(a) A substitution of judge in any civil action may be had in the following situations:

***

(2) Substitution as of right. When a party timely exercises his or her right to a substitution without cause as provided in this paragraph (2).

(i) Each party shall be entitled to one substitution of judge without cause as a matter of right.

(ii) An application for substitution of judge as of right shall be made by motion and shall be granted if it is presented before trial or hearing begins and before the judge to whom it is presented has ruled on any substantial issue in the case, or if it is presented by consent of the parties." 735 ILCS 5/2-1001 (West 2018).

¶ 19     "Illinois courts have held that, when properly made, a motion for substitution of judge as a matter of right is absolute, and the circuit court has no discretion to deny the motion." *Bowman*, 2015 IL 119000, ¶ 17. "In addition, the provisions of section 2-1001 are to be liberally construed to promote rather than defeat the right of substitution." *Id.* "Yet, the principle of liberal construction cannot excuse a party from complying with the statute's explicit requirements." *Id.* "Moreover, we will avoid a construction that would defeat the statute's purpose or yield absurd or unjust results." *Id.* "[R]egardless of what has been said in other contexts, we will not construe section 2-1001(a)(2) in a manner that facilitates or encourages 'judge shopping.' " *Id.* ¶ 20.

¶ 20     In *Bowman*, the Illinois Supreme Court construed section 2-1001(a)(2) of the Code and its effect regarding the voluntary dismissal and refiling provisions of the Code. *Id.* ¶ 8. In *Bowman*, the plaintiff voluntarily dismissed her 2009 medical malpractice complaint against two defendants

7

after the circuit court had made substantial rulings in the case but before trial. *Id.* ¶ 3. In 2013, four months after her voluntary dismissal, the plaintiff refiled the complaint against one of the defendants, pursuant to section 13-217 of the Code (735 ILCS 5/13-217 (West 2014) (allowing the refiling of a voluntarily dismissed complaint within one year)). *Bowman*, 2015 IL 119000, ¶ 3. The second complaint was docketed under a new number but was assigned to the same trial court judge who presided over the first proceeding. *Id.* The plaintiff immediately filed a motion for substitution of judge as of right, and the defendant objected on the ground that it was untimely because the trial court judge had made substantial rulings on the prior complaint. *Id.* The trial court denied the motion for substitution of judge but certified the question of whether a trial judge has discretion to deny a motion for substitution of judge as of right where the case was previously dismissed and then was refiled. *Id.* ¶ 4.

¶ 21 On appeal, the plaintiff in *Bowman* argued that the phrase "in the case" found in section 2-1001(a)(2)(ii) created a "bright line" rule allowing substitution as of right prior to a substantial ruling in the case currently pending before the court, even where the motion is presented in a refiled action after the same judge had made substantive rulings in the identical, previously dismissed suit. *Id.* ¶ 11. The supreme court characterized the plaintiff's argument as a "narrow and literal interpretation" of the phrase "in the case" and stated that accepting the plaintiff's position would "create[ ] a loophole" allowing the purpose of the statute to be defeated. *Id.* ¶ 21. The supreme court held that the plaintiff could not use the voluntary dismissal and refiling provisions of the Code to accomplish in the refiled suit what she was precluded from accomplishing in her original suit, noting that such was the exact type of procedural maneuvering section 2-1001 was designed to prevent. *Id.*

8

¶ 22   In *Bowman*, the supreme court noted that the plaintiff's argument also effectively ignored the very first clause of section 2-1001(a), which states that " '[a] substitution of judge *in any civil action* may be had in the following situations' " (emphasis in original). *Id.* ¶ 22 (quoting 735 ILCS 5/2-1001(a) (West 2014)). The supreme court held that although the plaintiff initiated two lawsuits with distinct docket designations—by filing a complaint in 2009 and then again in 2013 after the earlier suit had been voluntarily dismissed—she had only a single cause of action against the defendant based on his allegedly negligent medical treatment of the decedent. *Id.* ¶¶ 21-22. "Considering the history of section 2-1001 and the goals sought to be achieved, [the supreme court] conclude[d] that section 2-1001(a)(2)(ii) must be read as referring to all proceedings between the parties in which the judge to whom the motion is presented has made substantial rulings with respect to the cause of action before the court." *Id.* ¶ 21. The supreme court thus held that in the case of a voluntary dismissal and refiling of an identical cause of action, a trial court has discretion to deny an "immediately filed" motion for substitution of judge based on the fact that the same judge to whom the motion is presented made substantive rulings in the previously dismissed case. *Id.* ¶ 29.

¶ 23   Similar to *Bowman*, the parties here appeared in a prior case, although the plaintiff here previously appeared as a third-party defendant, and although not recognized by the parties on appeal, the trial court judge arguably entered substantial rulings in Abert v. Knoblauch when it dismissed with prejudice Knoblauch's third-party claim for contribution against Arnold pursuant to the Joint Tortfeasor Contribution Act (740 ILCS 100/2 (West 2018)) and dismissed Abert's claim against Knoblauch pursuant to Abert and Knoblauch's settlement agreement. See *City of Granite City v. House of Prayers, Inc.*, 333 Ill. App. 3d 452, 461 (2002) (a ruling is considered substantial when it is directly related to the merits of the case); see also *Bowman v. Ottney*, 2015

9

IL App (5th) 140215, ¶ 1 (trial court made substantial rulings in prior case regarding the plaintiff's efforts to obtain materials and whether certain witnesses' opinions should be barred or limited); *Rocha v. FedEx Corp.*, 2020 IL App (1st) 190041, ¶ 73 (examples of rulings on substantial issues include rulings on a motion to dismiss); *Colagrossi v. Royal Bank of Scotland*, 2016 IL App (1st) 142216, ¶ 30 (same); *In re Marriage of Abma*, 308 Ill. App. 3d 605, 610 (1999) ("a ruling on a motion to strike and dismiss the opposing party's complaint has been deemed a substantial issue"); *In re D.M.*, 395 Ill. App. 3d 972, 976-77 (2009) (an order based on the agreement of the parties may nevertheless be a substantial ruling because the trial court retains the discretion to accept or reject the agreement before issuing the order).

¶ 24     On appeal, however, Monte, who was substituted as administrator of Arnold's estate after Arnold's death, instead argues that because the parties participated in extensive discussions during the hearings in Abert v. Knoblauch, Knoblauch had the opportunity to "test the waters" to learn of the trial court judge's positions and therefore may not receive a substitution of judge in Monte's cause of action against him. The circuit court also couched the certified question before us in terms of "testing the waters" to determine a trial court judge's positions, stating as follows:

> "Does the trial court have discretion to deny [Knoblauch's] [m]otion for [s]ubstitution of [j]udge, brought pursuant to 735 ILCS 5/2-1001, when the [c]ourt has found [Knoblauch] tested the waters in a different cause of action arising from the same occurrence brought by a different plaintiff against the same defendant?"

¶ 25     The "testing the waters" doctrine deems the denial of a motion for substitution of judge appropriate where a litigant attempts to seek a substitution of judge before trial, hearing, or substantive ruling but after he has had an opportunity to form an opinion that the judge may be unfavorably disposed towards his cause. The doctrine originates from the requirement in section

10

2-1001(a)(2) of the Code that a litigant must "timely exercise[ ]" his right to a substitution of judge. See 735 ILCS 5/2-1001(a)(2) (West 2018); *Williams v. Leonard*, 2017 IL App (1st) 172045, ¶ 11 ("Thus, the requirements for the exercise of the absolute right to substitute a judge are that (1) the party seeking a substitution timely exercises the right, (2) the party seeking a substitution files a motion to substitute judge before trial or hearing begins, and (3) the trial judge has not ruled on any substantial issue in the case."). "On the question of timeliness, courts have ruled that '[e]ven when the court has not ruled on a substantial issue, the motion may be denied if the movant had an opportunity to test the waters and form an opinion as to the court's reaction to his claim.' " *Williams*, 2017 IL App (1st) 172045, ¶ 11 (quoting *In re Marriage of Petersen*, 319 Ill. App. 3d 325, 338 (2001)). "The statute requires the motion be made timely to prevent parties from shopping judges 'by seeking a substitution after they have formed an opinion that the judge may be unfavorably disposed toward the merits of their case.' " *Rocha*, 2020 IL App (1st) 190041, ¶ 73 (quoting *Petalino v. Williams*, 2016 IL App (1st) 151861, ¶ 18). Accordingly, even prior to hearing, trial, or substantial ruling, "a party's motion may still be deemed untimely if the motion was made after pretrial conferences where substantive issues had been discussed yet not decided." *Id.* ¶ 74.

¶ 26    Notably, the appellate court is split with regard to the viability of the "testing the waters" doctrine. Compare *Schnepf v. Schnepf*, 2013 IL App (4th) 121142, ¶ 27 (right to substitution of judge is absolute when properly made, and the circuit court has no discretion to deny the motion), with *Rocha*, 2020 IL App (1st) 190041, ¶ 75 (acknowledging a district split over the "testing the waters" doctrine but holding the doctrine remains a viable objection to substitution of judge motions as of right in the First District); *In re Petition to Annex Certain Territory to the Village of Lemont*, 2017 IL App (1st) 170941, ¶¶ 13-14 (a substitution of judge may be denied when a judge

11

did not rule on a substantial issue if the litigant had an opportunity to test the waters and form an opinion as to the court's disposition of an issue); *Colagrossi*, 2016 IL App (1st) 142216, ¶ 36 (same); *Ramos v. Kewanee Hospital*, 2013 IL App (3d) 120001, ¶ 88 (a party's motion may still be deemed untimely if the motion was made after pretrial conferences where substantive issues had been discussed yet not decided and moving party had opportunity to "test the waters" and form opinion as to judge's reaction to claim); *In re Estate of Gay*, 353 Ill. App. 3d 341, 343 (2004) (same); *Bowman*, 2015 IL App (5th) 140215, ¶ 19, *aff'd*, 2015 IL 119000 (motion for substitution of judge is properly denied under the "test the waters" doctrine permitting the denial of an initial motion for substitution of judge before substantial rulings have been made if the party presenting the motion has been able to form an opinion as to the court's disposition toward his or her case); *City of Granite City*, 333 Ill. App. 3d at 461 (even when court has not yet ruled on a substantial issue, a motion for substitution of judge may be untimely if the moving party had an opportunity to test the waters and form an opinion of the court's reaction to his or her claim). Nonetheless, when there is a conflict among districts, the circuit court is bound by the decisions of the appellate court in the district in which it sits. *Rein v. State Farm Mutual Automobile Insurance Co.*, 407 Ill. App. 3d 969, 978 (2011). This court has in the past adopted the doctrine and held that a motion for substitution of judge may be denied prior to hearing, trial, or substantial ruling if the movant had the opportunity to "test the waters" and form an opinion as to the judge's reaction to his claims. *Bowman*, 2015 IL App (5th) 140215, ¶ 19; *City of Granite City*, 333 Ill. App. 3d at 461.

¶ 27 In *Bowman*, although the parties presented arguments before the supreme court relating to the continued validity of the "test the waters" doctrine applied in cases lacking substantive rulings, the supreme court did not address the doctrine's validity, finding the question inapplicable and not explicitly implicated in the certified question. *Bowman*, 2015 IL 119000, ¶ 27. Nonetheless, as

12

part of its analysis, the court in *Bowman* explained that "the principle that section 2-1001(a)(2) should be read as favoring substitution does not require a construction that permits a party to engage in 'judge shopping.' " *Id.* ¶ 18 (a party may not "judge shop" until he finds one in total sympathy to his cause because any other rule would spell the immediate demise of the adversary system). The supreme court also wrote that "though not expressly included in the statute, this court has long recognized that courts may take into consideration the circumstances surrounding a motion for substitution of judge and may deny the motion if it is apparent that the request has been made as a delay tactic." *Id.*

¶ 28     In the case *sub judice*, Knoblauch argues on appeal that the circuit court's order denying his motion for substitution of judge improperly expands *Bowman*'s holding and the "testing the waters" doctrine beyond cases with identity of parties and identity of claims. Monte counters on appeal that the circuit court properly denied the motion for substitution because the law prohibited Knoblauch from shopping for a new judge after determining the original judge's disposition toward the case at the October 12, 2018, hearing in Abert v. Knoblauch, even though this case involves a new action.

¶ 29     Whether in the context of a prior substantial ruling or the testing the waters doctrine, a motion for substitution of judge as of right is properly granted "*in any civil action*" where the requirements are met and is properly denied if the motion is untimely or is presented after hearing, trial, or ruling on a substantial issue "*in the case*." (Emphases added.) 735 ILCS 5/2-1001(a) (West 2018). Notably, this case is distinguishable from *Bowman* and other cases holding that substitution is inappropriate where a prior civil action shares a common identity with the case before the court. See *Bowman*, 2015 IL 119000, ¶ 22 (although the plaintiff initiated two lawsuits with distinct docket designations, she alleged only a single cause of action against the defendant based on his

13

allegedly negligent medical treatment of decedent); *Williams*, 2017 IL App (1st) 172045, ¶ 34 (trial court properly denied defendant's motion to substitute judge as of right where plaintiffs refiled identical action against defendants after voluntarily dismissing original action); *Ramos*, 2013 IL App (3d) 120001, ¶¶ 21, 98 (trial court properly denied motion for substitution of judge as of right where plaintiff refiled same counts against defendant after voluntarily dismissing original action). In those cases, the same plaintiff dismissed and refiled the identical cause of action in the subsequent case.

¶ 30    However, in this case, Arnold, and later Monte, as a separate and new plaintiff, filed for the first time a negligence claim against Knoblauch for Arnold's injuries. *Chicago Title & Trust Co. v. County of Cook*, 120 Ill. App. 3d 443, 454-55 (1983) (for purposes of *res judicata*, parties to earlier action are not the same as those in latter case where the participants stand in different positions than their counterparts in the earlier suit); *In re Marriage of Paclik*, 371 Ill. App. 3d 890, 895 (2007) ("a party who has not yet had an opportunity to participate in a case does not automatically lose his or her option to substitute one judge *** as a matter of right simply because that judge has already ruled on a substantial issue in the case prior to that party's appearance"). In filing a third-party claim for contribution in Abert v. Knoblauch, Knoblauch raised the issue of Arnold's and his own liability for Abert's injuries in the collision, but no party in Abert v. Knoblauch raised Arnold's cause of action against Knoblauch for the injuries he suffered in the collision.

¶ 31    Although the companion cases share a defendant and common facts regarding the collision, we decline to extend *Bowman*'s holding to deny Knoblauch's motion for substitution of judge on the basis that substantive rulings or extensive discussions occurred in the prior case, considering that in the prior case a different plaintiff had alleged her claim against the defendant and Arnold

14

had declined to raise his claim against the defendant. See *In re Daniel R.*, 291 Ill. App. 3d 1003, 1011 (1997) (minor's parents were entitled to substitution of judge as of right, even though judge had ruled on substantial issue with respect to half-siblings, in that section 2-1001 did not support extension of the definition of "case" to encompass all "cases" related to the same family). Arnold neither refiled nor repackaged an identical claim from the prior proceedings (*Partipilo v. Partipilo*, 331 Ill. App. 3d 394, 399 (2002) (trial court properly denied motion for substitution of judge as of right where relief sought in companion case was "repackaging" of previous claim)), and his claim did not constitute a continuation of the prior proceedings (*Petalino*, 2016 IL App (1st) 151861, ¶ 32 (because order of protection was continuation of parentage matter, same trial court judge who had entered substantive orders in previous parentage case did not err in denying motion to substitute judge as of right); *Niemerg v. Bonelli*, 344 Ill. App. 3d 459, 465 (2003) (although motion to vacate consent judgment pursuant to section 2-1401 of the Code (735 ILCS 5/2-1401 (West 2000)), arising out of the same proceeding as judgment to which it is directed was entered, may be a "new action" for some purposes, it is not a new case for purposes of a section 2-1001(a)(2) motion for substitution of judge); *In re Marriage of Kozloff*, 101 Ill. 2d 526, 531-32 (1984) (postdissolution petitions do not constitute new actions but merely continuation of dissolution proceeding, and thus, a substantive ruling on one petition will preclude substitution of judge as of right on another)). Therefore, we answer the certified question in the negative and hold that the circuit court did not have discretion to deny Knoblauch's motion for substitution of judge, brought pursuant to section 2-1001(a)(2) of the Code (735 ILCS 5/2-1001(a)(2) (West 2018)), even though the circuit court found that Knoblauch had tested the waters in a different cause of action arising from the same occurrence brought by a different plaintiff against the same defendant.

15

¶ 32                              III. CONCLUSION

¶ 33    For the reasons stated, we answer the certified question in the negative, and we remand the

cause to the circuit court.


¶ 34    Certified question answered; cause remanded.

2020 IL App (5th) 190439

NO. 5-19-0439

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| MONTE SIMPSON, as Administrator of the Estate of Arnold Simpson, Deceased, | ) ) ) | Appeal from the Circuit Court of Madison County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 18-L-894 |
| DANIEL KNOBLAUCH, | ) ) ) | Honorable Dennis R. Ruth, |
| Defendant-Appellant. | ) | Judge, presiding. |

**Opinion Filed:**      June 30, 2020

**Justices:**      Honorable David K. Overstreet, J.

Honorable Thomas M. Welch, P.J., and
Honorable Mark M. Boie, J.
Concur

**Attorneys for Appellant**      Tori L. Walls, Stephen C. Mudge, Rynearson, Suess, Schnurbusch & Champion, LLC, 107 Southpointe Dr., Edwardsville, IL 62025

**Attorney for Appellee**      Matthew P. Young, Kuehn, Beasley & Young, P.C., 23 South First St., Belleville, IL 62220